LEO KUKOWSKI, Respondent, v. EMERSON-BRANTINGHAM IMPLEMENT COMPANY, John Madison, and Northwestern Trust Company, Appellants.

(175 N. W. 706.)

**Attachment — liability of attachment creditor — liability of sheriff for failure to keep attached property safe.**

A debtor whose property was attached at the suit of the creditor, after paying the judgment, brought suit against the attaching creditor, the sheriff, and the surety on the latter's official bond to recover damages occasioned by the failure to safely keep the property attached. The defendant sheriff failed to turn over the property attached to his successor, who learned of the attachment through agents of the attaching creditor. Some of the damage occurred before the expiration of the term of office of the defendant, but the major part of it occurred during the term of his successor and after the latter had notice of the attachment. Judgment was rendered on a special verdict. It is *held:*

1. There being no finding and no evidence that the attaching creditor directed the sheriff as to the storage and care of the attached property, it is not liable for the breach of duty on the part of the sheriff in failing to safely keep the property and to turn the same over to his successor.

**Attachment — sheriff and constables — liability of sheriff for loss of attached property while in his hands.**

2. It is the statutory duty of a retiring officer, under § 682, Compiled Laws of 1913, to deliver to his successor all property appertaining to his office, and where this duty is not performed and there is no direct evidence of assumption of possession by his successor, the outgoing officer remains liable to the owner for the care of the property.

**Attachment — sheriffs and constables — incoming sheriff not charged with possession of property attached by outgoing sheriff.**

3. Knowledge on the part of a sheriff that his predecessor had previously taken property under a warrant of attachment does not impose upon the former the duty to make a search for the warrant of attachment, nor to assume possession of the attached property.

**Trial — special verdict — effect of special verdict inferring negligence.**

    4. Where the findings in a special verdict are consistent only with negligence and with the breach of statutory duty on the part of an officer, they imply negligence, and it is not necessary that there shall be an affirmative finding to that effect.

**Sheriffs and constables — damages for breach of bond in attachment levy.**

    5. The liability of a surety on an official bond is ordinarily the same as the liability of the officer, and where the condition of the bond is that the officer will pay over and deliver the property according to law, the measure of damages for the breach of the condition is the difference between the full value of that which would have been delivered had the officer complied therewith and that which he is able in fact to deliver.

Opinion filed October 8, 1919.

Appeal from District Court of Golden Valley County, *Crawford,* J. Reversed in part and affirmed in part.

*Lawrence & Murphy,* for appellant Emerson-Brantingham Implement Company.

There is no statutory liability on the part of the attaching auditor for the safe-keeping of the property attached. Comp. Laws 1913, §§ 4431, 7540, 7542, 7543, 7553, 7559.

"The sheriff must deliver over to the defendant or to the person entitled thereto, on reasonable demand, all of the attached personal property remaining in his hands." Comp. Laws 1913, § 7562.

Where plaintiff's judgment is satisfied, the sheriff must surrender the property to the defendant. Comp. Laws 1913, § 7563.

This appellant is not liable jointly with the sheriff for his failure to safely keep the property held under the warrant of attachment. 99 Am. Dec. 554; Blanchard v. Brown, 3 N. W. 248; Michaels v. Storke, 5 N. W. 1036.

"An attaching creditor cannot be held liable for the wrongful acts of the sheriff not shown to have been done at his direction." Webb v. Van Vleet-Mansfield Drug Co. 120 Ark. 236, 179 S. W. 357; Pittsburg, J. E. R. Co. v. Wakefield Hardware Co. 143 N. C. 54, 55 S. E. 422; Munns v. Loveland, 49 Pac. 743; Abbott v. Kimball (Vt.) 47 Am. Dec. 710; Hyde v. Cooper, 26 Vt. 558.

If an officer, in the discharge of his official duty, commits a trespass, and the party does not control the officer in any way, then the party

cannot be implicated in the original wrong. Abbott v. Kimball (Vt.) 47 Am. Dec. 710; Burt v. Decker (Iowa) 19 N. W. 874; Sparkman v. Swift, 81 Ala. 231, 8 So. 160.

One who places in the hands of an officer a valid writ, without directions as to the manner of its service, will not be liable for torts committed by the latter while engaged in the execution thereof; but where he, with knowledge of the facts, advises an abuse of the process of the court, such as a trespass against the person or property of another, he will be regarded as a wrongdoer from the beginning. Taylor v. Ryan, 15 Neb. 573, 19 N. W. 475; Hyde v. Cooper, 26 Vt. 552; Murray v. Mace (Neb.) 59 N. W. 388; Supply Co. v. Hunter (Okla.) 148 Pac. 83; Adams v. Hotel Co. (Wis.) 82 N. W. 703; Teel v. Miles (Neb.) 71 N. W. 296; Cole v. Edwards (Neb.) 72 N. W. 1046.

*R. F. Gallagher,* for appellant John J. Madison.

"A sheriff is held to the same degree of prudence, vigilance, and care with respect to property under seizure and in his custody as a careful and prudent man would be likely to exercise over his own property; but he is not liable as an insurer." 35 Cyc. 1670; Creswell v. Burt, 16 N. W. 1730; 106 Am. St. Rep. 394.

It is generally held that the degree of care required of a sheriff in respect to property under attachment is the same as that of a bailee. Standard Wine Co. v. Chipman, 97 N. W. 679; 6 C. J. 1160, 1161.

Whether the bailee has exercised the care is a question for the jury. 6 C. J. 63.

Negligence in a particular case is generally a matter for the jury to determine, and is always so when the measure of duty is ordinary and reasonable care. Williams v. Sleepy Hollow Min. Co. 37 Colo. 62, 7 L.R.A.(N.S.) 1170, 86 Pac. 337; Cunningham v. Union R. Co. 4 Utah, 206, 7 Pac. 795; West Chester, etc., R. R. Co. v. McElwell, 67 Pa. 315.

A question of negligence cannot be taken from the jury, although the facts are not in dispute, if they are such that from them different minds might draw different conclusions. Williams v. Sleepy Hollow Min. Co. 7 L.R.A.(N.S.) 1170, 86 Pac. 337; Williams v. Sleepy Hollow Min. Co. 35 L.R.A.(N.S.) 350, 116 Pac. 786; Winona v. Botzet, 23 L.R.A.(N.S.) 204; Jackson v. Grand Forks, 45 L.R.A.(N.S.) 75;

Farmers Mercantile Co. v. N. P. R. Co. 146 N. W. 550; Lane v. Lenfest (Minn.) 42 N. W. 84.

Where a jury returns a special verdict alone, unaccompanied by a general verdict, defendant's failure to object that no question was submitted to them as to whether or not defendant was negligent and as to whether the accident or damage was caused by such negligence, is not a waiver of his right to afterwards attack the special verdict because of its failure to pass on all material and controverted questions. Sherman v. Menominee River Lumber Co. 45 N. W. 1079; Kelly v. R. Co. (Wis.) 9 N. W. 861; Ottell v. Ry. Co. (Wis.) 61 N. W. 289; Dugal v. Chippewa Falls, 77 N. W. 878.

It is the duty of the trial court to frame the special verdict, and to include therein every material issue raised by the pleadings and evidence.

A judgment cannot be entered upon a verdict which fails to do this, if the immediate issue might have been so resolved as to prevent such judgment. Strasser v. Goldberg (Wis.) 98 N. W. 554; Ortell v. Ry. Co. (Wis.) 61 N. W. 289; Hildman v. Phillips, 82 N. W. 566; Sherman v. Lumber Co. 45 N. W. 1079; McFetridge v. Insurance Co. 62 N. W. 938; Dugal v. Chippewa Falls, 77 N. W. 878.

Where alleged negligence of the defendant is the ground upon which plaintiff seeks to recover, the question of the proximate cause of the injury or damage complained of must be fairly and substantially answered by the special verdict, or it will not support a judgment. Jewel v. Railway Co. 54 Wis. 618, 12 N. W. 83; Kerkhoff v. Paper Co. 62 Wis. 674, 32 N. W. 766; Atkinson v. Transp. Co. 60 Wis. 156, 18 N. W. 764.

· The failure to submit the question of negligence and the proximate cause of the damage to the tractor in this case amounted to a withdrawal of the same from the consideration of the jury.

"The case should not be drawn from the jury unless the conclusion follows as a matter of law from the evidence, that no other conclusion can be had upon any view which could be properly taken of the facts which the evidence tends to establish." 145 U. S. 593, 12 Sup. Ct. Rep. 905; Elliott v. Railway Co. 150 U. S. 245, 14 Sup. Ct. Rep. 85; Lewis v. Prien (Wis.) 73 N. W. 654.

Madison cannot be held liable for the damage that accrued after

Smith received notice of the attachment and location of the tractor. State v. Ruth, 9 S. D. 84, 68 N. W. 189; Howley v. Scott, 123 Minn. 159, 51 L.R.A.(N.S.) 137, 143 N. W. 257; Wood v. Lowdin, 49 Pac. 133.

Where a bailee accounts for his failure to deliver goods by showing their loss or destruction by fire or theft, and these facts appear or are proved with reasonable certainty, the burden is upon the bailor to prove that, notwithstanding such loss, the same was due to the negligence of the bailee, and the burden of proof never shifts from him. Clafin v. Meyer, 31 Am. Rep. 467; Stone v. Case, 43 L.R.A.(N.S.) 1169 and note, 124 Pac. 960; Yazoo, etc. R. Co. v. Hughes, 22 L.R.A.(N.S.) 975 and note; Standard, etc., Ins. Co. v. Trades Exp. Co. 148 Pac. 1019; Firemen Fund Ins. Co. v. Schreiber, 150 Wis. 42, 135 N. W. 507; Ann. Cas. 1913E, p. 823.

*Bangs, Hamillon, & Bangs* and *W. J. Mayer,* for appellants Madison and Northwestern Trust Company.

However clear and undisputed the evidence upon the issues is found to be, the court cannot render judgment on a special verdict making such findings, without usurping a part of the functions of the jury; thereby infringing a right guaranteed by the Constitution and the laws. Moore v. Moore, 67 Tex. 293, 3 S. W. 285; Hodges v. Easton, 106 U. S. 408.

The facts to be found in a special verdict are the issuable facts presented by the pleadings. Phœnix Water Co. v. Fletcher, 23 Cal. 481; Chicago, St. L. & P. R. Co. v. Berger, 124 Ind. 275, 24 N. E. 981; Neutz v. Coal & Coke Co. 139 Ind. 411, 38 N. W. 324.

It is the duty of the trial court to frame the special verdict and include therein each material issue raised by the pleadings and evidence. Orttel v. R. R. Co. 89 Wis. 127, 61 N. W. 289.

It is error to fail to submit an issue made by the pleadings. Kenyon v. Kenyon, 72 Wis. 234, 39 N. W. 361; 22 Enc. Pl. & Pr. p. 981.

"It was the province of the jury to pass upon the issues of fact, and it was the right of the defendants, secured by the Constitution of the United States, to have them do so." U. S. Const. article 7 of Amendments; N. D. Const. § 7.

"Where it is a disputed question whether the injuries were the proximate result of the negligence complained of, the special verdict must

find specially both negligence and that such negligence was the proximate cause of the injuries, or it is fatally defective." McGowan v. R. R. Co. 91 Wis. 147, 64 N. W. 891; Kucera v. Lumber Co. 91 Wis. 637, 65 N. W. 374; Deisen Ricter v. Kraus-Merkel Malting Co. 92 Wis. 164, 66 N. W. 112; Sheridan v. Bigelow, 93 Wis. 426, 67 N. W. 732 and cases cited; Groth v. Thomann, 110 Wis. 488, 86 N. W. 178; Hallum v. Omro (Wis.) 99 N. W. 1051; Jamestown v. Irving (Wis.) 99 N. W. 346.

A sheriff who seizes property under a writ of attachment has a special property therein, and by virtue of this special property he may bring trover for conversion, or sue a receiptor in assumpsit or trover, or may resort to replevin to restore the same to his possession. 20 Enc. Pl. & Pr. 113–115.

"Where the duties are such as are owed by the officer to the particular individual with whom he deals, a breach of the duty gives rise to a corresponding liability to such person only." 25 Enc. Law, 523, 723, 724.

"To charge the sureties in the officer's bond, the act complained of must either have been one which he rightfully might have done as an officer, or one which was actually done by him as an officer under a claim of right to do so, as such." 25 Enc. Law, 724.

"The duration of the surety's liability is ordinarily coextensive with the officer's official tenure of office." 25 Enc. Law, 725; 1 Enc. Law, 1131.

"A recipient or custodian is merely the bailee or agent of the officer, and is bound to deliver the property to the sheriff on demand, and for his failure to do so, the sheriff may maintain an action for its possession or for damages for its conversion." 25 Enc. Law, 708.

*Keohane & Jones* and *Pugh & Thress,* for respondent.

The lien or right acquired by the attaching creditor by virtue of the issuance of the attachment and the levy thereunder is an actual and substantial security, and constitutes a cloud on the legal title; and, although arising by operation of law, has been held to be as specific as if created by voluntary act of the debtor and to stand upon as high equitable grounds as a mortgage lien. 6 C. J. 268; Shinn, Attachm. § 313.

And where disputed questions of fact are submitted to the jury, the findings of the jury thereon are conclusive, if there is sufficient testi-

mony to support them.   Senn v. Steffan, 37 N. D. 491, 164 N. W. 102.

The act nowhere provides that property held under a levy of a writ of attachment is to be surrendered to the new sheriff.   Baker v. Baldwin, 48 Conn. 131; Smith v. Bodfish, 33 Me. 136; Morton v. White, 16 Me. 53; 35 Cyc. 1543.

The sheriff or officer taking the property into his custody under a writ of attachment is considered to be in the position and having the responsibilities of a bailee for hire, and his duty and responsibilities are measured by the law of bailments.   25 Am. & Eng. Enc. Law, 712; Murfree, Sheriffs, § 961; Drake, Attachm. § 292; State v. Copeland (Tenn.) 54 Am. St. Rep. 840, 848; Mechem, Pub. Off. 301; 49 Pac. 437; United States v. Thomas, 15 Wall. 337, 21 L. ed. 89, 92; Mechlenburg County v. Beals (Va.) 36 L.R.A.(N.S.) 285; Palmer v. Costello, 41 App. D. C. 165, L.R.A.1915A, 193 and note.

The court submitted to the jury all controverted facts.   Only the controverted facts need be submitted.   Welch v. Fargo & M. St. R. Co. 24 N. D. 478, 140 N. W. 680; Swallow v. First Nat. Bank, 35 N. D. 616, 161 N. W. 207; Russell v. Meyer, 7 N. D. 339, 75 N. W. 262; Ortell v. C. M. & St. P. R. Co. (Wis.) 61 N. W. 280; State v. Hanner (N. C.) 57 S. E. 154, 24 L.R.A.(N.S.) 1 and note; 38 Cyc. 1924.

Where property attached has become lost or has depreciated in value, through the fault of the custodian, the creditor must bear the loss, as between him and the debtor, with recourse to the officer.   People v. Hopson, 1 Denio, 574; Peck v. Tiffany, 2 N. Y. 451; Re Dawson, 110 N. Y. 114.

BIRDZELL, J.   This is an action to recover damages sustained by the plaintiff through the dismantling of a gas tractor and the loss of its various parts, alleged to have been occasioned by the lack of care of the engine on the part of the sheriff who had seized it under a warrant of attachment.   The action is against the sheriff who seized it, the attaching creditor, and the surety upon the official bond of the former. From a judgment in favor of the plaintiff against all the defendants for $3,253.32, each of the defendants has perfected a separate appeal. The facts necessary to an understanding of the questions presented on the various appeals are as follows:

In January, 1914, the defendant Madison was sheriff of Golden Val-

ley county, North Dakota, and the defendant Northwestern Trust Company was surety on his official bond. On the 6th of January, 1914, the defendant Emerson-Brantingham Implement Company commenced an action against this plaintiff, Leo Kukowski, to recover the purchase price of a gasolene tractor. A warrant of attachment was issued in the action, under which Madison took possession of the tractor. He took it to Beach and stored it in a yard in the rear of a machine shop with the consent of the proprietor, one Kastien. Other engines were also stored there while awaiting or undergoing repairs. Madison's term of office expired in January, 1915, and he was succeeded by S. A. Smith. In the spring of 1915 agents of the attaching creditor discovered that the tractor was being damaged through the disappearance of some of its parts, and they notified Sheriff Smith of that fact and of the further fact that the tractor was held under a warrant of attachment, at the same time requesting Smith to take care of it. The suit in which the engine was attached was terminated by the rendition of a judgment in favor of the plaintiff, which was satisfied by Kukowski, the judgment debtor, on October 13, 1915. Upon paying the judgment, Kukowski became entitled to a return of the attached property, and he brings this action for the damages occasioned by the failure to protect the property while in the possession of the sheriff under the warrant.

Upon the trial, the jury returned a special verdict upon which the judgment appealed from was entered. The material findings of the jury are as follows: (1) That the fair market value of the engine at the time it was taken under the warrant of attachment was $3,000; (2) that the fair market value of the engine at the date when the term of office of the defendant Madison expired (January 4, 1915) was $2,800; (3) that the fair market value of the engine in the spring of 1915, when Sheriff Smith had the first conversation with an agent of the attaching creditor, was $2,800; (4) that the fair market value of the engine on October 13, 1916, was $100; (5) that the value of the parts which had been removed before the expiration of the defendant Madison's term of office (excluding freight and labor) was $170; (6) that the defendant Madison did not notify his successor in office that the tractor was held under a warrant of attachment and that he did not turn over any records showing this fact; (7) that the agents of the attaching creditor notified Madison's successor, Smith, of the attachment

in the spring of 1915, and requested that the property be cared for by him; (8) that Sheriff Smith, in the fore part of 1915, inquired of Kastien as to what had become of the parts previously taken from the tractor; (9) that the attachment proceedings were never set aside and that the judgment in that case had become final. The jury also finds that, during the conversation between Smith and Kastien, the time of which is not specified, Smith stated in substance that if he caught anyone taking parts from the tractor he would make them suffer for it.

The appeal of the defendant Emerson Brantingham Implement Company involves only a narrow question of law and will be first considered. The contention of the appellant is that where an attachment creditor lawfully sues out a writ of attachment and obtains a judgment in the action, there being no proceedings to test the validity of the attachment, the judgment creditor is not liable for any breach of official duty on the part of the sheriff in failing to keep the property held under the warrant. Section 7542, Compiled Laws of 1913, which specifies the requisites of a warrant of attachment, states that the warrant must require the sheriff to attach and safely keep property of the defendant sufficient to satisfy the plaintiff's demand, unless the defendant delivers to him an undertaking in favor of the plaintiff conditioned to pay any judgment which the plaintiff may obtain in the action, or an undertaking that the property about to be attached shall be forthcoming. The statute clearly makes it the official duty of the sheriff to attach and safely keep the property which the warrant authorizes him to seize. For a breach of such duty, the sheriff is liable to the party in whose favor the duty exists. Where the attaching creditor would sustain a loss due to the negligent keeping of the property by the sheriff, he could doubtless recover; and similarly could the owner of the property recover upon obtaining a dissolution of the attachment. Bailey v. Hall, 16 Me. 408; Briggs v. Taylor, 35 Vt. 57; 2 Cooley, Torts, 3d ed. p. 888 (*542). And it may even be true, though upon this we express no opinion, that as between the creditor and the debtor, so long as the judgment remains unsatisfied and the property is held under the warrant, the damage resulting through the negligence of the sheriff could be applied on the judgment, thus putting the creditor to his remedy against the sheriff. Re Dawson, 110 N. Y. 115, 6 Am. St. Rep. 346, 17 N. E. 668; People v. Hopson, 1 Denio, 575. But it does not follow from any of these

propositions that the attaching creditor whose judgment has previously been fully satisfied by the attachment debtor is liable for the negligence of the sheriff resulting in damage to the property seized. Such a liability can only be predicated upon an agency of the sheriff to act for the attaching creditor. The official acts of the sheriff are not to be considered as the private acts of the litigant, who has the right to invoke legal process. The rule of nonliability of parties for official acts of those intrusted with legal process is that stated by Cooley as follows: "But every party has a right to assume that the officer will proceed to execute lawful process in a lawful manner, and if, instead of doing so, the officer proceeds illegally, the party is not responsible, unless he participated in or advised the abuse." 2 Cooley, Torts, 3d ed. p. 895 (*549). So far from indicating that the defendant the Emerson-Brantingham Implement Company participated in the negligence of the sheriff, both the record and the findings of the special verdict indicate that the company desired to have the property protected, and that they took no steps beyond securing the issuance of the warrant in a case in which they were legally entitled thereto. The record fails to disclose any basis for liability on the part of the defendant company.

The principal question raised on the appeal of Madison is that concerning his liability for the damages which arose after his term of office had expired, and after his successor had received some notice that the tractor had been attached. The most pertinent findings of fact by the jury affecting this question, aside from the findings as to the time when the damage occurred, are that Madison did not notify his successor in office that the tractor was held under the warrant of attachment, and that he did not turn over to him any books, papers, or other records showing that fact. It is contended that these findings, either standing alone or taken in conjunction with the other findings, are not sufficient upon which to base the judgment against Madison, for the reasons: (1) That there is no finding of negligence in the care or storage of the tractor; (2) that there is no finding that negligence on the part of Madison was the proximate cause of the injury; and (3) that there is no finding as to whether Madison's successor assumed dominion over the tractor, thereby absolving him from the further liability for its care. These contentions may be best considered in their inverse order.

For the purposes of this appeal, it stands admitted that the property was originally taken by Madison; that it had been damaged or depreciated to the extent of $200 before the expiration of his term of office, and that the remainder of the damages, upon which the judgment is based, was suffered during the term of Madison's successor. And in view of the findings, it must also be considered that Madison, at the time he relinquished the office to his successor, failed to notify him of his proceedings under the warrant of attachment, to turn over the warrant of attachment to him, or to do any affirmative act that would devest him of the possession which he had assumed under the warrant. Also that Madison did not, at any subsequent time, take any affirmative steps to accomplish a delivery of the property to his successor. It is contended, however, that it became the official duty of Smith, as soon as he learned of the attachment and of the prior proceedings under the warrant, to assume possession of the property and safely keep it as though it had been originally taken by him, or, if such duty did not exist, that there was sufficient evidence of assumption of possession by him to require an affirmative finding as to whether or not the property was in his possession at the time the greater part of the damage was sustained.

The evidence of the assumption of possession by Smith went no further than to establish that, after he had been notified of the attachment by the agent of the Emerson-Brantingham Implement Company, he went to see the engine and made some remark to the effect that if he caught anybody taking it or taking parts from it he would see that he suffered the consequences. There is no direct testimony that Smith ever assumed possession of the property, and if he considered that he was in possession it would seem that there would have been a definite understanding between him and Kastien, upon whose lot Madison had arranged to store the tractor. In view of Madison's failure to take affirmative steps to transfer possession to Smith, as found by the jury, and of the lack of direct evidence going to establish assumption of possession on the part of Smith, we are of the opinion that it was unnecessary to submit to the jury the question as to whether Smith assumed possession.

The question, then, on this branch of the case resolves to this: Did it become the official duty of Smith, as soon as he learned of the attach-

ment, to assume possession so that the obligation to safely keep would rest henceforth upon him? There is no statute imposing such a duty upon the incumbent of an office. On the other hand, it is expressly made the duty of an outgoing officer to "deliver to his successor in office all public moneys, books, records, accounts, papers, documents, and property in his possession belonging or appertaining to such office." Compiled Laws 1913, § 682. This duty was not performed in the instant case unless it can be said that Madison delivered the property in question when he relinquished the office, and when, later, interested parties notified his successor that the property had been taken. At common law, an officer who had partially executed a writ might complete the execution after the expiration of his term of office, and to this end the possession of any property taken might be rightfully continued in him. McKay v. Harrower, 27 Barb. 463. The statute referred to above apparently changes this rule by requiring the outgoing officer to deliver to his successor not only the property, but the papers or documents which might evidence his right of possession. This, in our opinion, imposes an affirmative duty, which, if unperformed, leaves the property in the possession of the outgoing officer, and subjects him to such risks as are incident thereto. He has a ready means of terminating the obligations resting upon him by reason of his prior official acts, but if he fails to avail himself thereof, he incurs the peril of his failure. We cannot hold on this record that it ever became the official duty of Smith, the successor in office, to make a search for the warrant of attachment which presumably remained in Madison's possession (Comp. Laws 1913, §§ 7545 and 7546), it not appearing that it was ever turned over to Smith, nor to assume possession without the warrant at the risk of becoming liable for conversion. We are therefore of the opinion that under the record and the findings Madison did not succeed in terminating his obligation to safely keep the property in question.

As to the further contention that there is no finding of negligence upon the part of Madison, which was the proximate cause of the injury, it is true that there is no direct finding of negligence in the care or storage of the tractor. But it is also true that the facts as found by the jury leave no room to doubt that in their opinion an engine which was practically as good as new became worthless while being stored unused within the period of two years. We cannot so far ignore common ex-

KUKOWSKI v. EMERSON-BRANTINGHAM IMPLEMENT CO.    345

perience as to conclude that such facts can be consistent with the exercise of due care in the safeguarding of the property. It is our opinion that these findings, considered in the light of common experience, amount to a finding of negligence. It is not necessary that the term "negligence" be used, neither is it necessary that expressions be employed to the effect that the dictates of reasonable prudence were not followed. The findings leave no room to doubt that the jury was of the opinion that the obligation to safely keep the property had been broken; and for the reasons previously assigned, the finding must be taken to relate to Madison's obligation rather than Smith's.

The appeal of the defendant Northwestern Trust Company presents substantially the same questions as the appeal of Madison. It was the surety upon his official bond, and the same considerations that determine the liability of the principal likewise determine the liability of the surety. It is, however, urged that in any event the only official duty which Madison neglected to perform was that of failing to deliver the property to his successor, and that the damages which the plaintiff suffered were not suffered as a consequence of that breach of duty, but resulted from the subsequent failure to keep the property safely. This, it is contended, is a wholly unofficial duty which arose subsequent to the expiration of Madison's term of office and consequently one for which the surety is not liable. The condition of the official bond is that the principal shall discharge the duties of his office, "and render a true account of all money and property of every kind that shall come into his hands as such officer, *and pay over and deliver the same according to law.*" The latter condition has not been performed, and the damages which the plaintiff has suffered by reason of its nonperformance are measured by the difference between the value of that which would have been delivered to the plaintiff had the condition been performed and that which the principal is in fact able to deliver. This liability cannot be diminished by speculative considerations based upon what might or might not have happened had the property been regularly turned over to the successor in office. Until the principal has performed his obligation to make a legal delivery, the surety is in no position to assert that the damages were in fact occasioned by the neglect of nonofficial duties. The decisive fact is that a delivery which will fulfil the bond cannot be made, and for the deficiency the surety, as well as the prin-

cipal, must respond to the injured party. This is strictly within the language of the bond. For authority in support of the above holding, see King v. Nichols, 16 Ohio St. 80; Brobst v. Skillen, 16 Ohio St. 382, 88 Am. Dec. 458.

For the foregoing reasons, the judgment appealed from is reversed as to the appellant Emerson-Brantingham Implement Company, and affirmed as to appellants Madison and Northwestern Trust Company. It is so ordered.