CITIZENS' STATE BANK OF PINGREE, N. D., a corporation (A. H. Lindemann as Receiver, substituted as plaintiff by order of court), Respondent, v. EVEN SORLEIN and PETER NORLID, Defendants, PETER NORLID, Appellant.

(185 N. W. 269.)

**Chattel mortgages — evidence held not to sustain counterclaim for conversion by mortgagee.**

In this case the trial court dismissed both the plaintiff's action and a counterclaim by Norlid, the appellant, against the bank for the alleged

conversion of some grain. *Held,* that there is no evidence to sustain the counterclaim and the judgment is affirmed.

Opinion filed Oct. 19, 1921. Rehearing denied Nov. 15th, 1921.

Appeal from the District Court of Stutsman County; *Coffey, J.*

Affirmed.

*John A. Jorgenson,* for appellant. ·

"Defendant cannot escape liability for a conversion on the ground that it resulted in no profit or benefit to him." Plat v. Tuttle, 23 Conn. 233; McPheters v. Page, 83 Me. 234; 22 A. 101; 23 Am. St. Rep. 772; Flagg v. Mann, 9 Fed. Cas. N. 4; 843, 3 Sumn. 84; Bank v. Ransford, 55 Ind. App. 663; 104 N. E. 604.

Although pleadings in the pending case are sometimes formally offered admissions of the adversary, it is generally held that they may be referred to and commented upon by counsel without such offer. Abbott's Trial Brief, Civil Jury Trials, 299; Jones Com. on Evidence (Horwitz) § 272; Tisdale v. President, 116 N. Y. 416; 22 N. E. 700; Holmes v. Jones, supra; Lee v. Heath, 61 N. J. Law, 250, 39 A. 729; Levitt v. Cutler, 37 Wis. 46.

"A principal is liable for an act of conversion committed by his agent while proceeding within the scope of his authority." Cox v. Reynolds, 7 ·Ind. 257; Garmers v. Wood, 143 Ia. 635; 118 N. W. 282; 120 N. W. 625; Ward v. Carson, 13 Nev. 44; Shotwell v. Few 7 Johns, (N. Y.) 302; Miller v. Reigne, 2 Hill (S. C.) 592.

*John W. Carr,* for respondent.

ROBINSON, J. In August, 1919, defendant Sorlein made to the bank a promissory note for $2,115 and interest, and a chattel mortgage on an undivided half interest in crops to be grown in 1920 on W. ½ and S. E. ¼ of 28—142—66. This land he cultivated under a cropping contract with Peter Norlid. Sorlein sowed, harvested, and threshed the crops. This action is to recover on the promissory note and to foreclose the chattel mortgage. Norlid is made a party defendant under an averment that he claims some interest in the crops. Norlid appeared and answered, claiming a lien on Sorlien's share of the crops because of money due from

him, and claimed that the bank had converted the crop to its own use. Sorlein did not appear. He is no party to the case. The court found that the promissory note had been fully paid, and that the bank had not converted the crops, and dismissed both the action and the counterclaim—and that was right. Peter Norlid appeals, claiming that there was a conversion for which he should recover against the bank and the receiver. The sole question is on the conversion of grain on which Norlid had a lien. The mortgage is dated August 23, 1919, filed August 25, 1919. The cropping contract is dated August 23, 1919. In October, 1920, this action was commenced. On November 4, 1920, the court duly issued to the sheriff of Stutsman county a warrant, commanding him to seize the following described property of Sorlien: 200 bushels wheat; 120 bushels barley; 450 bushels of oats in the granary at the residence of Peter Norlid on said land. On the same day the sheriff made a return that he had levied on the right, title, and interest of the above-named defendant in said personal property. The sheriff did not touch the grain. He left it in the granary of appellant, taking his oral assurance that it would be safe. That was not a conversion by the bank. Kukowski v. Emerson-Brantingham Implement Co. et al., 175 N. W. 706. But the appellant claims that after such levy the bank caused certain persons to take and carry away the grain. Now it appears that all the grain raised on the land had been divided at the separator. The grain in question was a part of Sorlien's share on which Norlid claimed a lien under the cropping contract. It consists of 30 bushels barley, 100 bushels wheat, and some oats. It was a balance of Sorlien's half. There is some evidence that it was taken by Sorlien with two other parties. There is no evidence that the bank converted any of the grain. There is no reason for considering any claim against Sorlien, who is not a party to this action. Any claim against him must be adjudicated in an action against him, and not on a counterclaim against the bank.

The findings of the trial court are correct, and the judgment is affirmed.

CHRISTIANSON, BIRDZELL, and BRONSON, JJ., concur.

GRACE, C. J., concurs in the result.