[No. 33872.  Department Two.  June 6, 1957]

EDWIN MICKELSON *et al.,Appellants,* v. EMMETT C. WILLIAMS *et al., Respondents.*[1]

[1]Reported in 312 P. (2d) 656.

*Greenwood, Shiers & Presser,* for appellants.

*Delbert W. Johnson* and *Ralph E. Franklin,* for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment of dismissal after a trial in an action against the sheriff of Mason county and his official bondsman.

Plaintiffs were copartners engaged in logging in Mason county and, on November 15, 1951, were conducting a logging operation on a location owned by them. They owned and used at this location certain logging equipment consisting of a donkey engine with lines and blocks attached. On the date mentioned, at that location, there were also some fire tools and a quantity of felled alder, fir, and cedar logs owned by them.

Prior to November 15, 1951, an action had been commenced against them by one Allen and his wife. A writ of attachment was issued on November 14, 1951. It was placed in the hands of defendant Williams, then sheriff of Mason county, who gave it to Joseph Walkup, a deputy. Walkup attached the property on November 15th. He testified:

"Q. What did the property you attached consist of, the nature of it? A. A donkey and cable. Q. Donkey and what?

A. And the drums and cable, complete donkey. Q. You attached all the personal property there? A. That is all I attached. Q. Did you ever make a return? A. Yes, sir, I did. Q. What? A. I did. Q. When? A. Soon after I attached it. Q. Did you list the property you attached? A. No, I didn't. Q. Did you not advise the defendants to leave and remain off the premises? A. I told them they had to cease operation. Q. And not take anything? A. Yes, sir. Q. That they couldn't take anything at all that was left there, is that right? A. I just told them to cease operations, that I was going to attach the donkey, and they did so. Q. Now, Mr. Walkup, you attached everything that was there, didn't you? A. The donkey is all I attached."

There is a conflict in the testimony as to whether or not the fire tools and logs were attached. However, the trial court made a specific finding that they were not attached. The evidence does not clearly preponderate against such finding.

Walkup posted the writ of attachment upon the donkey and left, without leaving a watchman there. He did not secure a keeper's receipt.

The records of the sheriff's office show the following as to the writ of attachment:

| "Received | Served | Returned |
|-----------|--------|----------|
| 11-14-51 | 11-15-51 | 11-19-51" |

The "Sheriff's Return of Service" contained the same information. However, it was not filed in the clerk's office in the case of Allen v. Mickelson et al., until October 26, 1953. Judgment in that case, in favor of the plaintiffs, was entered on January 30, 1953, and the judgment was satisfied on November 18, 1953.

This action was commenced against Williams and his official bondsman. The complaint alleged that the sheriff took complete possession of plaintiffs' property, excluded them therefrom, neglected to protect the property attached, and left it unguarded, to plaintiffs' damage in the sum of $6,028.88. Defendants answered, denying the foregoing allegations.

After trial the court entered a judgment of dismissal. This appeal follows.

Error is assigned in entering certain findings, in failing to enter certain proposed findings, in entering judgment of dismissal, and in entering conclusion of law No. 1:

"That plaintiffs have failed to prove any cause of action against defendants. That plaintiffs have failed to prove any damage was sustained by them by reason of any fault of the defendants."

Briefly, the trial court was of the opinion, and found, that there was a defect in the attachment; that the plaintiffs knew this and purposely did not make any protest and did not keep any watch upon the property; and that, if there was any responsibility upon the defendant Williams, as sheriff, to protect and guard the donkey and attached equipment, such responsibility completely ended on June 1, 1952, when he resigned and was replaced as sheriff of Mason county.

RCW 7.12.130 provides in part:

"The sheriff to whom the writ is directed and delivered must execute the same without delay as follows:

" . . .

"(2) Personal property, capable of manual delivery, shall be attached by taking into custody."

Here the property was capable of manual delivery and the question is whether or not the sheriff took it into custody. He must actually seize the property. *Cupples v. Level*, 54 Wash. 299, 103 Pac. 430. He must assume dominion over it. He must do something which would make him a trespasser but for the protection of the writ. *Monks & Miller v. Fein*, 125 Wash. 230, 215 Pac. 525. The usual procedure is to appoint someone as keeper, either the attachment debtor, the attachment creditor, or some third person, and take a keeper's receipt therefor. In such cases the possession of the keeper is deemed the possession of the attaching officers. See *Meyers v. Walker*, 173 Wash. 592, 24 P. (2d) 97. However, the taking of a keeper's receipt is primarily for the protection of the sheriff. Such an act does not constitute any part of the taking of possession. He must first have sufficient possession to entrust to another. See *Cupples v. Level, supra.*

■ Although the cases hold that if the sheriff permits the property to remain in the possession of the debtor, the attachment lien is not good as against any intervening right which may be acquired by a subsequent levy or by a subsequent purchase in good faith from the debtor; nevertheless, as between the parties, the lien continues in force. Annotation, 86 A.L.R. 1417; 4 Am. Jur. 884, Attachment and Garnishment, § 543.

■ Here the deputy sheriff went out to the operations of the defendants with a writ of attachment. He informed them that he was going to attach the donkey, posted the writ thereon, and told them to cease operations. He assumed dominion over the donkey and thereby took it into custody. As between the sheriff and the appellants there was a valid attachment of the donkey.

Sheriff Williams resigned on June 1, 1952. He did not ask for or receive from his successor the receipts for the attached property, as contemplated by § 1, chapter 17, Laws of 1895, p. 22 [cf. RCW 36.28.120]. In addition, the evidence clearly preponderates against the court's finding that he turned over to his successor the property in question.

■■ In the absence of a statute to the contrary, a sheriff going out of office is not relieved of responsibility for goods attached by him, in the event he does not deliver such possession to his successor. *Short v. Landes*, 42 Del. 510 [3 Terry], 39 A. (2d) 17; *Kukowski v. Emerson-Brantingham Implement Co.*, 43 N. D. 333, 175 N. W. 706. Appellant Williams and his bondsman are liable to appellants for damages sustained by them, provided such damages were caused by Williams' neglect.

■ The duties of an attaching officer with respect to the care of property attached are stated in *Capper v. Callahan*, 39 Wn. (2d) 882, 239 P. (2d) 541:

"When a writ of attachment is issued and delivered to a sheriff for execution, it becomes his duty to take into custody personal property capable of manual delivery. . . . The officer then has the duty to exercise in the care and preservation of the attached property the amount of diligence which an ordinarily prudent person would exercise towards

property of a like nature if vested with the complete ownership thereof. The care to be exercised must be commensurate with the dangers involved, having regard for the nature and situation of the property, and the officer is responsible for reasonably foreseeable happenings or contingencies which, by the exercise of reasonable care, he could have prevented. He is not an insurer of the property or liable for its loss or damage by act of God, the public enemy, or inevitable accident."

■ The trial court made no finding as to damages. The judgment of dismissal is reversed and the cause remanded with direction to find whether or not appellants sustained damages as a result of Williams' neglect and, if so, the amount thereof, and to enter judgment in accordance therewith. It may exercise its discretion as to the admission of further evidence on this issue.

Appellants will recover costs of appeal.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

---

July 11, 1957. Petition for rehearing denied.