[No. 3026–2. Division Two. July 23, 1979.]

RICHARD F. CARMAN, ET AL, *Appellants,* v. FRANCES PUGNETTI, *as Executrix, Respondent.*

*Robert V. Brown,* for appellants.

*Bryce Dille,* for respondent.

SOULE, J.—Patricia Carman appeals from an order dismissing her suit to enforce a claim against the personal representative of the estate of Albert Andre. We affirm the dismissal.

On December 17, 1976, the will of Albert Andre was admitted to probate, and a document entitled notice to creditors was filed with the Clerk of the Superior Court. Published notice to creditors first appeared on December 29, 1976. The operative wording of the two instruments is identical although the notice filed on December 17 contains a blank for the date of first publication since it was filed 12 days before publication. The plaintiff's claim was filed on January 20, 1977, and was rejected on April 22, 1977. Suit was filed May 27, 1977.

The single issue is whether the document filed on December 17, 1977, is a valid copy of the notice to creditors required by RCW 11.40.010.[1] If it is, the suit was not

---

[1]RCW 11.40.010 states:

"Every personal representative shall, immediately after his appointment, cause to be published in a legal newspaper published in the county in which the estate is being administered, a notice that he has been appointed and has qualified as such personal representative, and therewith a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the personal representative or his attorney of record, and file an executed copy thereof with the clerk of the court, within four months after the date of the first publication of such notice or within four months after the date of the filing of the copy of said notice to creditors with the clerk of the court, *whichever is the later.* Such notice shall be published once in each week for three successive weeks

timely filed because, while the claim was filed within 4 months of December 29, 1976, suit was filed more than 30 days after notification of its rejection.[2] However, if the instrument of December 17, 1976, is not a valid copy of the statutorily required notice, the suit was timely because the record demonstrates that the affidavit of publication containing a "copy" of the notice to creditors was not filed until April 22, 1977. Plaintiff contends that the notice filed on December 17, 1976, was not a "copy" of the notice to creditors because it is not a "copy" of the published notice. We do not view the statute so narrowly.

■ Statutes are to be construed in accordance with legislative intent and should in case of doubt be read as a whole and the meaning ascribed to them which avoids strained or absurd consequences. *Krystad v. Lau,* 65 Wn.2d 827, 400 P.2d 72 (1965); *In re Horse Heaven Irrigation Dist.,* 11 Wn.2d 218, 118 P.2d 972 (1941). The purpose of RCW 11.40.010 and its antecedent statutes is to provide effective notice to creditors. *Cf. Seattle Nat'l Bank v. Dickinson,* 72 Wash. 403, 406, 130 P. 372 (1913).

■ The purpose of RCW 11.40.010 as amended in its present form in 1974 appears to be to provide an additional means for creditors to ascertain from the file the time when the period for filing claims expires. Prior to the 1974 amendment, the statute did not require the filing of a copy

---

and a copy of said notice shall be filed with the clerk of the court. If a claim be not filed within the time aforesaid, it shall be barred, except under those provisions included in RCW 11.40.011. Proof by affidavit of the publication of such notice shall be filed with the court by the personal representative. In cases where all the property is awarded to the widow, husband, or children as in this title provided, the notice to creditors herein provided for may be omitted." (Italics ours.)

[2]RCW 11.40.060 provides:
"When a claim is rejected by the personal representative; the holder must bring suit in the proper court against the personal representative within thirty days after notification of the rejection or before expiration of the time for serving and filing claims against the estate, whichever period is longer, otherwise the claim shall be forever barred."

of the notice to creditors with the clerk of the court. However, both forms of the statute did require publication and proof thereof by affidavit of publication, thus eventually providing a copy for the file. The amended statute provides additional protection to claimants by making it possible to accurately ascertain from the clerk's file the minimum time within which claims must be filed so that one need not rely upon gleaning this information from an obscurely published legal notice.

The significant additional language in the new statute suggesting that the "copy" contemplated by the amended statute is not merely the proof made by the affidavit of publication, is found in the language

> requiring all persons having claims . . . to serve the same . . . and file an executed copy . . . within four months after the date of the first publication of such notice or within four months after the date of the filing of the copy of said notice to creditors with the clerk of the court, *whichever is the later.*

(Italics ours.)

If it were intended that the copy provided by means of the affidavit of publication is to be the effective notice to creditors so far as the file is concerned, the language "whichever is the later" would be superfluous since an affidavit of publication can never precede the actual publication.

The word "copy" is not necessarily limited to a reproduction of an original text. It can, in an appropriate setting, include the original material which is to be duplicated. *Webster's New International Dictionary* (1936) sets forth one of the definitions of "copy" as "That which is to be imitated, transcribed, or reproduced; a pattern, model, or example." *Roget's International Thesaurus* § 24 (4th ed. 1977) gives as appropriate similes the terms image, likeness, counterpart and representation. Section 602.10 notes that the term can mean the original of a writing or the author's copy.

Viewed in the broader meaning of the word "copy," we hold that the purpose of the statute is properly served by interpreting the term "copy of the notice to creditors" to include the original instrument so designated and filed with the Clerk of the Superior Court on December 17, 1976. No statutory purpose is served by requiring a reprint of the published notice to creditors. It is sufficient if the operative text of that which is filed and that which is published is the same, in other words, a likeness or counterpart.

Defendant's argument that the instrument is defective under the statute because it does not contain the date of first publication is likewise without merit. The statute does not require the date of first publication to appear in the filed notice and the purpose of the filed notice is fulfilled because anyone examining the court file will be apprised from that examination by the filing date of the *minimum* time within which to file a claim. Insertion of the date of first publication would add nothing to the effectiveness of that notice. Further, the plaintiff was in no event misled or prejudiced by the fact that the date did not appear on the filed document. Her claim was timely filed in any event. It was her summons and complaint which were late.

The order of dismissal is affirmed.

PEARSON, C.J., and PETRIE, J., concur.