[No. 4532–II.   Division Two.   August 25, 1980.]

NISQUALLY DELTA ASSOCIATION, ET AL, *Appellants,* v. THE CITY OF DUPONT, ET AL, *Respondents.*

*Theodore P. Hunter,* for appellants.

*James J. Mason,* for respondent City of DuPont.

*Hillis, Phillips, Cairncross, Clark & Martin, P.S., Louis D. Peterson,* and *Glenn J. Amster,* for respondent Weyerhaeuser Company.

PEARSON, A.C.J.—Nisqually Delta Association, Washington Environmental Council, and two individuals appeal to this court from an order dismissing their appeal to Superior Court. That court determined they lacked standing to appeal an annexation decision of the Pierce County Boundary Review Board, pursuant to RCW 36.93.160(5). The issue on appeal is whether appellants, who do not own property or reside in the area to be annexed, are in the "area affected by the decision" for purposes of appealing under RCW 36.93.160. We hold that they are not.

Weyerhaeuser Company, intervenor in this action, purchased over 3,000 acres of property from the DuPont Company within the city limits of DuPont in January 1976. Weyerhaeuser announced its plans for a log export facility on the property. On February 2, 1979, DuPont issued an Environmental Impact Statement (EIS) pursuant to the State Environmental Protection Act of 1971 (SEPA). RCW 43.21C. The EIS revealed problems with shifting sediment which could make dock construction at Weyerhaeuser's proposed site unfeasible. Weyerhaeuser then purchased 22 additional acres north of the city as an alternate site for the

proposed dock construction. Weyerhaeuser petitioned the City for annexation of this land to facilitate construction of the export facility. Burlington Northern, Inc., joined in the request for annexation because it owned approximately 6 acres of railroad right–of–way on the property.

On June 27, 1979, DuPont adopted an ordinance pursuant to RCW 35A.14.330 proposing a zoning designation for the property, and published notice of the proposed action on July 3 and July 10, pursuant to RCW 43.21C.080. On August 9 the Nisqually Delta Association and Washington Environmental Council filed a separate suit in Pierce County Superior Court against Weyerhaeuser, DuPont, and the state Department of Ecology on the basis that there was insufficient consideration of the environmental impact of the proposed export facility and related annexation. The Pierce County Boundary Review Board invoked its jurisdiction to review the proposed annexation and held a public hearing on September 11, 1979. Plaintiffs appeared at the hearing and gave testimony in opposition to the proposed annexation, while others gave testimony in favor of it. On October 5, 1979, the Board approved annexation.

RCW 36.93.160(5) provides that decisions of a boundary review board

> shall be final and conclusive unless within ten days from the date of said action . . . any person owning real property or residing in the area affected by the decision files in the superior court a notice of appeal.

Plaintiffs filed a notice of appeal in the Pierce County Superior Court and Weyerhaeuser intervened in the case. Weyerhaeuser moved to dismiss the appeal on the basis that appellants lacked standing under RCW 36.93.160(5). On December 27, 1979, the trial court granted the motion to dismiss.

The trial court stated in its oral opinion:

> The language of the particular statute is most specific and most narrow. It refers to "owner" or "resides." If that statute is controlling, then the Motion to Dismiss should be granted.

Plaintiffs argue that anyone subject to adverse environmental impacts such as air, noise, and water pollution, which are predicted by the EIS for the export facility, should be considered within the "area affected" by the annexation. They point out that since the area proposed for annexation is presently uninhabited, only Weyerhaeuser or Burlington Northern could appeal the decision of the Board, under the trial court's interpretation.

■ Where doubt or uncertainty arise from words used by the legislature, the section under construction should be read in context with the entire act and a meaning ascribed to it that avoids strained or absurd consequences. *Standing v. Department of Labor & Indus.*, 92 Wn.2d 463, 598 P.2d 725 (1979); *Whitehead v. Department of Social & Health Servs.*, 92 Wn.2d 265, 595 P.2d 926 (1979); *Carman v. Pugnetti*, 23 Wn. App. 772, 598 P.2d 745 (1979). RCW 36.93-.160(1) provides that when a hearing is to be held by the boundary review board, the board shall give prior notice of the hearing

> to the governing body of each *governmental unit having jurisdiction within the boundaries* of the territory proposed to be annexed . . . and to the governing body of *each city within three miles of the exterior boundaries of such area* and . . . by publication in any newspaper of general circulation in the area of the proposed boundary change . . . Notice shall also be posted in ten public places in the *area affected* for five days when the area is *ten acres or more.* When the *area affected* is *less than ten acres,* five notices shall be posted in five public places for five days.

(Italics ours.)

■■ In this context we read the portion of RCW 36.93.160(5) which provides that decisions of the boundary review board shall be final and conclusive unless within 10 days from the date of their action a governmental unit affected by the decision or any person who owns real property or resides in the area affected by the decision files in the superior court a notice of appeal. A "governmental unit

affected" for purposes of appeal must be a unit having jurisdiction "within the boundaries of the territory proposed to be annexed" or the governing body of a city "within three miles" of such area, when the statute is read as a whole. Thus a governmental unit subjected to the kinds of pollution by which plaintiffs argue they may be affected would not have standing to appeal unless within the precisely defined boundaries set forth above. In addition, the guidelines for posting notice in RCW 36.93.160(1) (10 public notices posted in the area affected when such area is 10 acres or more; 5 public notices posted in the area affected when such area is less than 10 acres) would be meaningless if the "area affected" extended to any area subject to the possibility of future environmental hazards from a given project, because such an area is not necessarily definable. A statute should be construed to render it purposeful and effective rather than futile and meaningless. *State v. Douty*, 20 Wn. App. 608, 581 P.2d 1074 (1978), *rev'd on other grounds*, 92 Wn.2d 930, 603 P.2d 819 (1979). Plaintiffs argue that SEPA overlaps RCW 36.93.160(5) in a way that broadens the category of persons with standing to appeal. *See* RCW 43.21C.030; *Leschi Improvement Council v. State Highway Comm'n*, 84 Wn.2d 271, 525 P.2d 774 (1974). But a limitation on the right to appeal from an administrative determination which is contained within the statute on which the action is based is determinative, unless such limitation has been expressly or impliedly repealed by the administrative procedures act or other legislation. *State Liquor Control Bd. v. State Personnel Bd.*, 88 Wn.2d 368, 561 P.2d 195 (1977). Plaintiffs do not contend, and we do not find, that SEPA repeals RCW 36.93-.160(1); hence the review procedures set forth therein are determinative. We note that plaintiffs will not be denied review of the underlying development on SEPA grounds as they are parties to other litigation in which those issues will be determined.

168

Affirmed.

PETRIE, J., and JOHNSON, J. Pro Tem., concur.

Reconsideration denied September 25, 1980.

Review granted by Supreme Court November 21, 1980.