[No. 54382-8. En Banc. July 7, 1988.]

LARRY D. MAYBEE, ET AL, *Respondents,* v. HENRY G. MACHART, JR., ET AL, *Respondents,* BETTY McGILLEN, *Petitioner.*

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Janet Foster Goodwill, Deputy,* for petitioner.

*Thorner, Kennedy, Gano & Rowley, P.S.,* by *Wade E. Gano,* for respondents Maybee.

*Richard H. Bartheld* (of *Dauber & Bartheld*), for respondents Machart, et al.

BRACHTENBACH, J.—This case involves a writ of garnishment against a county clerk who held funds in trust to satisfy a superior court judgment. The issue is whether a clerk's trust fund is subject to garnishment prior to a court order directing disbursement of those funds. The trial court held the funds were subject to garnishment. The clerk appealed. The Court of Appeals modified the trial court order, but affirmed. *Maybee v. Machart,* 48 Wn. App. 502, 739 P.2d 122 (1987). We reverse.

The Maybees obtained a $3,576.60 district court judgment against Machart and Bales. They filed their judgment in Yakima County Superior Court. Subsequently, Machart and Bales obtained a superior court judgment in their favor for $9,391.21 and $3,042.46, respectively. The judgment debtors in that action paid the amount owed to Machart and Bales to the clerk. Thus, Machart and Bales, judgment debtors to the Maybees, also became judgment creditors, with the clerk holding funds sufficient to pay their judgment.

The Maybees immediately garnished the funds held by the clerk, seeking to collect their earlier judgment against Machart and Bales. The clerk answered the writ of garnishment, stating that she was not "indebted" to Machart and Bales, and that she held no funds subject to garnishment. The clerk admitted that she held $12,433.67, the amount of the judgment in favor of Machart and Bales, in trust, but stated that the funds were held in custodia legis,

and that no court order had directed her as to whom to pay the funds.

The garnishor creditors, the Maybees, controverted the clerk's answer and noted the matter for trial. Subsequently, the clerk moved to quash the writ. Before trial, the attorneys for Machart and Bales filed a lien for fees and costs incurred in obtaining their judgment. A health care provider also claimed a lien. The attorneys noted that the Department of Labor and Industries had a potential lien on Machart's share of the judgment. After hearings, the trial court entered findings of fact, conclusions of law, judgment on writ of garnishment and an order to pay.

Initially, we note that the present case is moot. Prior to this appeal, the funds at issue were disbursed; no appeal was taken from the judgment or the order to pay. Nevertheless, as the issue raised meets the criteria of *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972), we rule on the merits.

The constitution provides that "[t]he county clerk shall be by virtue of his office, clerk of the superior court." Const. art. 4, § 26. The clerk has statutorily assigned duties including the creation of a trust fund. RCW 36.48.090 provides that funds held in trust for any litigant shall be deposited in a separate fund designated "clerk's trust fund" and shall not be commingled with any public funds.

The fundamental premise of our holding is that the clerk held the funds in question in custodia legis. The general rule is that property which is in custodia legis is not subject to garnishment. *Russell & Co. v. Millett,* 20 Wash. 212, 215, 55 P. 44 (1898); 6 Am. Jur. 2d *Attachment and Garnishment* § 202 (1963).

The purpose of the custodia legis principle is to preserve the jurisdiction of the court which has possession of the funds. *Hardy v. Construction Sys.,* 556 S.W.2d 843, 844 (Tex. Civ. App. 1977). When the purpose of the custody of the law has been accomplished and a party has become

entitled to payment or possession without further action by the court, those funds are subject to garnishment. *See* 38 C.J.S. *Garnishment* § 45, at 249 n.78 (1943). Thus, where the court has directed by order that the funds be paid to a particular litigant, they are properly subject to garnishment. *See Hardy,* at 844; *Voyles v. State Farm Ins. Co.,* 743 S.W.2d 165 (Tenn. Ct. App. 1987); *Hooten v. Conklin,* 236 Ark. 911, 370 S.W.2d 607 (1963); *Russell & Co. v. Millett, supra* at 217; *Dunsmoor v. Furstenfeldt,* 88 Cal. 522, 26 P. 518 (1891).

Here the trial court determined that of Machart's judgment for $9,391.21 only the sum of $144 was payable to the garnishors; the balance was payable to Machart's attorneys on their lien for fees and costs. To comply with the Maybees' writ of garnishment the clerk here would have had to determine the finality of the judgment, to whom the funds were to be paid, and the effect of the competing claims to the funds. Even if the clerk had made such a determination, the Maybees still would have been entitled to a trial on the garnishment. *See* former RCW 7.33.260 (amended by Laws of 1987, ch. 442; now codified as RCW 6.27.220). Such a result overly burdens clerks and interferes unnecessarily with the court's jurisdiction. We therefore hold that funds held by a clerk in trust for the court are not subject to garnishment prior to a court order directing disbursement of those funds.

Competing claimants to funds held in trust by a court clerk should seek the court's determination of their priorities as was ultimately done here by Machart and Bales. The record here contains no objection to the procedure employed in the trial court's determination of the competing claims. What rights such potential claimants might have and the procedures to be used to determine those rights are questions not before us. For example, at oral argument, it was suggested that CR 24 intervention was possible. We do not pass upon this unbriefed issue.

The writ of garnishment should have been quashed. The clerk was entitled to await the order directing payment. The Court of Appeals and trial court are reversed.

PEARSON, C.J., and UTTER, DOLLIVER, ANDERSEN, CALLOW, and DURHAM, JJ., concur.

GOODLOE, J. (dissenting)—The premise on which the majority bases its decision is incorrect and leads it to the wrong result. Therefore, I dissent.

The majority's premise "is that the clerk held the funds in question in custodia legis." Majority opinion, at 904. However, the majority then fails to either (1) cite any case law or statutory law in support of its premise (perhaps because there is none), or (2) explain why its premise applies in the present case.

Custodia legis literally means "'[i]n custody or keeping of the law.'" (Footnote omitted.) 25 C.J.S. *Custodia Legis* 87 (1966). In general, property which is in custodia legis cannot be garnished. *Russell & Co. v. Millett,* 20 Wash. 212, 215, 55 P. 44 (1898); 6 Am. Jur. 2d *Attachment and Garnishment* § 202 (1963). Furthermore, the purpose behind the doctrine is to "preserve the jurisdiction of the court administering the property and *prevent conflicts of jurisdiction with other courts.*" (Italics mine.) *Hardy v. Construction Sys.,* 556 S.W.2d 843, 844 (Tex. Civ. App. 1977); *see Gibbons v. Ellis,* 63 Colo. 76, 165 P. 783 (1917); 25 C.J.S. at 87.

In the present case, no jurisdictional conflict exists with other courts. The court that issued the writ of garnishment also held the funds received pursuant to the Machart and Bales judgment. Since there are no competing jurisdictions, there is no reason to apply the doctrine of custodia legis. Therefore, I would hold that the funds are subject to garnishment.

The majority claims that to hold such funds subject to garnishment "overly burdens clerks and interferes unnecessarily with the court's jurisdiction." Majority opinion, at

905. I disagree; instead I agree with the *Hardy* court which, at pages 844–45, stated:

> We are aware that permitting garnishment actions against the clerk of a court subjects [the clerk] to a certain amount of inconvenience and risk. It is, however, no greater than that encountered by any garnishee, and we see no reason why a clerk should be given a preferred position, or debtors' funds find sanctuary in [the clerk's] possession.

It may be an annoyance to clerks that such funds are subject to garnishment where there is no jurisdictional conflict, but it certainly does not overly burden them.

The majority, without any case law precedent or analysis, adopts a doctrine when it is not necessary. Therefore, I dissent, and I would hold that the funds in the current case were subject to garnishment because there were no conflicts concerning the funds with any other jurisdiction.

DORE, J., concurs with GOODLOE, J.