982 P.2d 1176 (1999)
96 Wash.App. 517
BBG GROUP, LLC, Appellants,
v.
CITY OF MONROE, a municipal corporation; A-1 Landscaping and Construction, Inc., a Washington corporation, Respondents.
No. 43266-4-I.
Court of Appeals of Washington, Division 1.
May 17, 1999.
Publication Ordered June 23, 1999.
*1177 Eric Ronald Hultman, Dann Radder Williamson & Meacham, Seattle, for Appellant.
Donald James Lyderson, Lyderson & Associates, Everett, Kurt Marcus Rylander, James Craig Rusk, Walter N. Potebnya, Oles Morrison, Rinker & Baker, Seattle, for Respondents.
PER CURIAM.
The City of Monroe advertised for bids for a park improvement project. After the City awarded the contract to A-1 Landscaping and Construction, Inc. ("A-1"), as the lowest bidder, unsuccessful bidder BBG Group, LLC ("BBG") sued to enjoin the City from signing a contract with A-1. The trial court ultimately dismissed that complaint, ruling that BBG lacked standing to sue after the contract was awarded under Dick Enters. v. King County[1] and J.J. Welcome & Sons Constr. v. State.[2] Because our review of the case law makes clear that a disappointed bidder has standing to sue before a contract is signed, we agree with BBG that the trial court erred. But because the contract has since been signed, and BBG has no claim for damages, there is no meaningful relief this court can give BBG. Under these circumstances, we hold the case is moot and dismiss the appeal.

FACTS
On August 12, 1998, at its regular City Council meeting, the City awarded the Lake Tye Park project to A-1, as the lowest bidder. BBG filed a written protest the next day, claiming A-1's bid was unresponsive and that it was the lowest bidder. The City rejected that claim.
On August 26, BBG sued to enjoin execution of the contract. It also got a temporary restraining order (TRO) to prevent the City and A-1 from executing the contract. At the subsequent show cause hearing, the trial court dissolved the TRO and dismissed BBG's complaint for lack of standing. It ruled BBG was foreclosed from suing under Dick Enters. and J.J. Welcome because the City had already awarded the contract.
BBG immediately filed a notice of appeal and an emergency motion requesting a stay of the trial court's decision. A commissioner of this court denied the stay in a notation ruling. BBG did not file a motion to modify and the contract was signed thereafter.

*1178 DECISION

The lone substantive issue presented is whether the trial court erred in dismissing BBG's complaint for lack of standing. The trial court stated in its written findings and conclusions that "[p]ursuant to the decisions in Dick Enterprises, Inc. v. King Co., 83 Wash.App. 566[, 922 P.2d 184] (1996) and J.J. Welcome & Sons Constr. Co. v. State of Washington, 6 Wash.App. 985, 497 P.2d 953 (1972), the formation of the Contract at the City Council meeting precluded awarding any subsequent injunctive relief to the disappointed bidder, Plaintiff BBG Group, LLC." Our review of the cases does not support the trial court's conclusion that contract "formation" for bidder standing purposes occurs when the contract is awarded. Instead, the cases state that a bidder may seek an injunction before the contract is signed.
In Dick Enters., this court framed the issue as whether "the policy of protecting the public treasury permits a [disappointed] bidder to sue to stop performance once a contract is signed."[3] We held that post-contract injunctive suits by bidders would compete with the public interest in preventing excessive taxation and therefore restricted such suits to those plaintiffs with taxpayer standing. But this court also noted that a bidder is not without a remedy as it may seek an injunction before contract formation.
While using contract formation as a bright-line cutoff point for bidder standing necessarily limits the protection of bidder rights, the bidder is not without a remedy: It may seek an injunction before contract formation. If the contractor fails to obtain a temporary restraining order and the parties threaten to enter into a contract, it can immediately appeal the trial court's decision.[4]
That language comports with the Supreme Court's decision in Peerless Food Prods. v. State.[5] There, the Supreme Court held that a bidder could not sue for damages but that "[b]idders who are mistakenly or wrongfully denied contracts have every incentive under our current rule to move quickly in seeking an injunction."[6]
J.J. Welcome, on the other hand, involved a contract reformation question. On appeal, a successful bidder argued that equity supported allowing it to reform its bid, which had been submitted with a wrong price figure, even though the award had already been made. The appellate court disagreed, noting that the bid as it existed at the time set for opening bids constituted the offer and the offer was accepted when the State awarded the contract to the bidder. In this context, the court explained that "mutual contractual responsibilities commenced [at the time of the award], even though it was contemplated that contract forms would subsequently be executed."[7]
The basic contract formation discussion contained in J.J. Welcome does not apply to the issue at hand. The courts have given bidders a limited remedy to sue for injunctive relief before a contract is signed. To say, as the trial court did, that a bidder must sue before a contract is awarded renders that limited remedy meaningless. Because a bidder generally does not learn it was denied the contract until an award is made, such a rule would practically foreclose a disappointed bidder from ever seeking injunctive relief. The trial court therefore erred in dismissing BBG's complaint for lack of standing.
But a case is moot when the court cannot provide meaningful relief.[8] After this *1179 court's commissioner denied BBG's request for an emergency stay, BBG's remedy was to file a motion to modify. It did not do so and the contract was signed thereafter.[9] As we indicated, a disappointed bidder on a public works project is limited to suing to enjoin the execution of the contract. And even if the contract was wrongfully awarded, BBG may not sue for damages.[10] There is therefore no relief this court can give BBG. Under these circumstances, we hold the appeal is moot.
Dismissed.
NOTES
[1] 83 Wash.App. 566, 569, 922 P.2d 184 (1996).
[2] 6 Wash.App. 985, 497 P.2d 953 (1972).
[3] Dick Enters., 83 Wash.App. at 569, 922 P.2d 184.
[4] Dick Enters., 83 Wash.App. at 571, 922 P.2d 184 (emphasis added).
[5] 119 Wash.2d 584, 835 P.2d 1012 (1992).
[6] Peerless, 119 Wash.2d at 596, 835 P.2d 1012; see also Platt Elec. Supply, Inc. v. City of Seattle, 16 Wash.App. 265, 555 P.2d 421 (1976) (although standing not discussed, existence of standing implicit in decision by this court reversing trial court's denial of injunctive relief to unsuccessful bidder that sought to enjoin performance after contract awarded).
[7] J.J. Welcome, 6 Wash.App. at 988-89, 497 P.2d 953.
[8] Robb v. Kaufman, 81 Wash.App. 182, 186, 913 P.2d 828 (1996).
[9] According to the parties, the contract has been partially performed and is scheduled for completion in June 1999.
[10] See Dick Enters., 83 Wash.App. at 569, 922 P.2d 184 ("To allow damages would violate the public interest by subjecting taxpayers to further penalties when they are already injured by paying too high a price under an illegal contract."). BBG argues, for the first time on appeal, that it is entitled to recover damages under 42 U.S.C. sec.1983. We need not address this argument since it was never made before the trial court. RAP 2.5(a).