# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TIG INSURANCE COMPANY,<br><br>              Respondent,<br><br>     v.<br><br>RO-CON EQUIPMENT SPECIALIST,<br>INC., and PATRICK S. ROTH and<br>LAURA ROTH,<br><br>              Appellants. | No. 85093-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Patrick Roth as an individual and as the president of Ro-Con Equipment Specialist, Inc. (Ro-Con), entered a settlement with TIG Insurance Company (TIG) requiring Ro-Con to repay debt.[1]  As part of the settlement Ro-Con signed a confession of judgment to be entered if it defaulted on its payment obligations.  Ro-Con defaulted and TIG entered the confession of judgment.

Ro-Con appeals the trial court's decision denying its motion to vacate the judgment under CR 60(b) and appointing a receiver.  Because Ro-Con's motion was untimely under CR 60(b), we affirm and award attorney fees and costs to TIG.[2]

---

[1] The settlement was agreed to by Ro-Con, and Patrick and Laura Roth, a marital community.  Patrick and Laura Roth are no longer married.  A final dissolution decree was entered on February 21, 2020, and the property at issue was allocated to Patrick Roth.  Patrick Roth also assumed all bonding company debt and any past debt of Ro-Con.

[2] Ro-Con briefly argues that if the judgment is vacated then the receivership should be terminated under RCW 7.60.290(5) as wrongfully procured or procured in bad faith and this court should vacate the

I

Ro-Con, an excavation and hauling business, bought property in Kent, Washington, in 2005 to store and repair equipment, and conduct support operations (the property). In 2009, Ro-Con entered a general agreement of indemnity with American Safety Casualty Insurance Company (American Safety) to provide bond coverage. Ro-Con also executed a collateral security agreement with American Safety along with a deed of trust for the property in the maximum principal amount of $885,000.

In September 2018, American Safety sued Ro-Con for breach of contract, foreclosure, and for appointment of a receiver. On February 22, 2019, TIG as successor by merger to American Safety, entered a settlement agreement with Ro-Con. In the settlement, Ro-Con acknowledged that it was indebted to American Safety for $1,486,637.64, plus interest. The settlement required Ro-Con to pay TIG not less than $6,000 per month, and not less than $100,000 per year. The settlement required Ro-Con to execute a confession of judgment:

> Obligors will execute a Confession of Judgment in blank in the form attached hereto. In the event of a payment default, TIG may, in its absolute discretion, submit the Confession of Judgment for entry to the Superior Court for King County, Washington, and may proceed to pursue all of its remedies at law, including, but not limited to (a) appointment of a general receiver with regard to the Obligors for the purpose of selling property sufficient to satisfy the Judgment and (b) foreclosure of the Deed of Trust.

Ro-Con executed the confession of judgment by notarized signature that same day.

---

order appointing the general receiver. Because we are not reversing the trial court's denial of Ro-Con's motion to set aside the judgment, we do not reach this issue.

Ro-Con defaulted on its payment obligations under the settlement in January 2020. TIG entered the confession of judgment for the total amount of $1,596,074.26, on January 2021.

In August 2022, TIG moved for supplemental proceedings and Roth was ordered to appear for examination.

On October 6, 2022, TIG petitioned for an appointment of a receiver to preserve, market, and sell the property to give effect to the judgment.

On November 4, 2022, Ro-Con moved to set aside the judgment under CR 60(b)(4) and (11) arguing that the judgment is voidable and unenforceable for failure to provide notice and other procedural defects and because it is facially defective under RCW 4.60.060 for lack of assent and lack of signature and oath by TIG. The court denied the motion and made the following finding:

> 2. 21 months have passed after the Confession of Judgment was entered, and Judgment Debtors have not provided good reason for the delay in alleging that the judgment is the product of fraud or misconduct under CR 60(b)(4). In light of the potential prejudice to Judgment Creditor's priority, the delay was unreasonable and Judgment Debtors' remaining arguments are likewise time-barred.

The trial court's order was entered on February 6, 2023. The court appointed a general receiver the next day.

Ro-Con filed its notice of appeal to this court on March 6, 2023. Ro-Con's appeal challenged the judgment, the court's order denying the motion to set aside the judgment under CR 60(b), and appointment of the receiver.

On July 19, 2023, our commissioner ruled that the appeal was untimely as to the judgment but the appeal could go forward on the order denying the motion to set aside the judgment and the order appointing a general receiver.

II

Ro-Con argues that the trial court erred because its motion to set aside the judgment was brought within a reasonable time of three months. Ro-Con relies on Suburban Janitorial Servs. v. Clarke Am., 72 Wn. App. 302, 308, 863 P.2d 1377 (1993), and asserts the reasonable time began when the supplemental proceedings were requested in August 2022 because that is when Ro-Con learned the judgment was entered. We disagree.

A trial court's decision on a motion to set aside a judgment is reviewed for abuse of discretion. Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 312 P.3d 976 (2013). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." Littlefield, 133 Wn.2d at 47.

A motion to vacate under CR 60(b)(4) and (11) must be made within a reasonable time. Ellison v. Process Sys. Inc. Constr. Co., 112 Wn. App. 636, 642, 50 P.3d 658 (2002). "What constitutes a reasonable time depends on the facts and

-4-

circumstances of each case." Ha v. Signal Elec., Inc., 182 Wn. App. 436, 332 P.3d 991 (2014). "The critical period is between when the moving party became aware of the judgment and when it filed the motion to vacate." Ha, 182 Wn. App. at 454. For example, "three months is not within a reasonable time to respond to a default judgment following notice," while moving to vacate within one month of notice satisfies due diligence. Ha, 182 Wn. App. at 454 (citing Gutz v. Johnson, 128 Wn. App. 901, 919, 117 P.3d 390 (2005)). "Major considerations in determining a motion's timeliness are: (1) prejudice to the nonmoving party due to the delay; and (2) whether the moving party has good reasons for failing to take appropriate action sooner." Luckett v. Boeing Co., 98 Wn. App. 307, 312, 989 P.2d 1144 (1999).

In Suburban, the defendant did not receive actual notice on a default judgment until 17 months after the judgment was entered and upon actual notice the defendant promptly moved to vacate. 72 Wn. App. at 304. In the period between service of the complaint and due date for the answer, the defendant's attorney drafted an answer but failed to send it to the plaintiff until after the default judgment had been entered. Suburban, 72 Wn. App. at 304. In the cover letter, the attorney asked how plaintiffs intended to proceed and received no answer. Two months later, the attorney asked again in a second letter and received no answer. Suburban, 72 Wn. App. at 304. Under these circumstances, the court held the defendant's motion was made within a reasonable time. Suburban, 72 Wn. App. at 308.

Here, unlike the defendant in Suburban, Ro-Con was aware of the judgment which expressly stated that the judgment would be entered should Ro-Con default. Ro-Con knew when they defaulted and thus were on notice the judgment would be entered.

There is a difference between default judgments like in <u>Suburban</u> and a consent judgment where both parties had the opportunity to review and agree to the terms with the aid of counsel. <u>See</u> <u>Haller v. Wallis</u>, 89 Wn.2d 539, 544, 573 P.2d 1302 (1978). Further, Ro-Con did not move to vacate quickly after receiving the motion for supplemental proceedings and instead waited three months. And as the trial court noted, setting aside the judgment would result in prejudice to TIG by upsetting its priority related to the liens on the property.

Because Ro-Con did not move to vacate the judgment within a reasonable time nor did they provide a good reason for the delay, we conclude the trial court did not abuse its discretion in finding Ro-Con's motion to set aside the judgment under CR 60(b) untimely.[3]

III

Both parties request attorney fees on appeal under RAP 18.1(a). "Fees may be awarded as part of the cost of litigation when there is a contract, statute, or recognized ground in equity for awarding such fees." <u>Thompson v. Lennox</u>, 151 Wn. App. 479, 491, 212 P.3d 597 (2009). "'A contractual provision for an award of attorney's fees at trial supports an award of attorney's fees on appeal under RAP 18.1.'" <u>Thompson</u>, 151

---

[3] Ro-Con argues for the first time on appeal that the judgment should be void under CR 60(b)(5): that by entering the judgment without waiver of notice or valid waiver of service of process, the court lacked personal jurisdiction. "[P]ersonal jurisdiction cannot be raised for the first time on appeal by a party who has made a general appearance or entered a responsive pleading which did not dispute personal jurisdiction." <u>Robb v. Kaufman</u>, 81 Wn. App. 182, 188, 913 P.2d 828 (1996). Because Ro-Con did not dispute personal jurisdiction when they appeared for examination nor when they entered a response to the petition for appointment of general receiver, we do not address this issue.

Wn. App. at 491 (quoting <u>W. Coast Stationary Eng'rs Welfare Fund v. City of Kennewick</u>, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985)).

Here, the judgment specifically provides that Ro-Con authorized entry of final judgment for money due including "post-judgment attorney fees and costs relating to collection of the judgment." The judgment also provides that the unpaid debt shall include reasonable attorney fees and costs incurred after judgment related to collection of the debt and enforcement of the judgment.

Because the parties agreed to the terms of the judgment and because TIG is the prevailing party, subject to compliance with RAP 18.1, we award attorney fees and costs to TIG.

We affirm.

_____
Mann, J.

WE CONCUR:


_____     _____
Coburn, J.                          Dwyer, J.