[No. 16112-1-I.   Division One.   August 20, 1986.]

THE DEPARTMENT OF REVENUE, *Petitioner,* v. THE NATIONAL INDEMNITY COMPANY, *Respondent.*

THE DEPARTMENT OF EMPLOYMENT SECURITY, *Petitioner,* v. THE NATIONAL INDEMNITY COMPANY, *Respondent.*

*Kenneth O. Eikenberry, Attorney General,* and *Joel M. Greene, Assistant,* for petitioner.

*Don M. Gulliford* and *Robert R. Cole,* for respondent.

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson, Assistant,* amici curiae for petitioner.

WILLIAMS, J.—The State of Washington, through its Department of Revenue seeking payment of taxes owed by David Stucke and Department of Employment Security seeking payment of unemployment insurance contributions owed by Garry Stackhouse, brought these consolidated actions against National Indemnity Company to recover against the contractor's bonds issued to Stucke and Stackhouse. Upon National Indemnity's motion, all proceedings were stayed until the 1–year statute of limitations of RCW 18.27.040(3) expired. The accrual of interest on the Departments' claims was also stayed. The Departments appeal.[1] We reverse.

The Department of Revenue issued a tax warrant in the amount of $10,805 against Stucke for excise tax liability incurred between October 1, 1983, and June 30, 1984. Stucke's contractor's bond given by National Indemnity was effective August 22, 1983, through September 9, 1983, in the amount of $4,000 and was increased to $6,000 for the period from September 9, 1983, through August 22, 1984. The trial court stayed all proceedings in this case until August 22, 1985.

The Department of Employment Security's claim against Stackhouse for tax contributions to the unemployment compensation fund was in the amount of $127.70 plus $27.96 interest and penalties for the first quarter of 1984 and $2,712.70 plus $623.94 interest and penalties for the second quarter of 1984. Stackhouse's $2,000 contractor's bond given by National Indemnity was effective March 4,

---

[1]The orders staying all proceedings in these cases are nonappealable decisions because they are neither final judgments nor do they determine the actions. RAP 2.2(a)(1), (3). However, because the Superior Court's decision is probably erroneous and might deprive the Departments of the bond proceeds, this court will grant discretionary review. RAP 2.3(b)(2); RAP 5.1(c).

1983, through March 4, 1984, and another $4,000 bond was effective March 4, 1984, through March 4, 1985. The trial court stayed all proceedings until March 4, 1986.

The sole issue in each case is the propriety of the stay. National Indemnity argues that the stay is necessary because of WAC 296–200–100(2), which provides:

> If a contractor is bonded, the priority for paying judgments from the bond is not a race priority such as the priority for payment of judgments against a security contractor. Instead, it is similar to the priority in bankruptcies. Claims for labor and employee benefits are satisfied first; claims for breach of contract are satisfied second; material and equipment claims are third; claims for taxes and contributions to the state of Washington are fourth; and claims for court costs, interest, and attorneys fees are satisfied last. No claim in a lesser category may be satisfied until all claims in the preceding categories are satisfied unless the total amount of all claims in the preceding categories is less than the amount of the bond that remains unimpaired.

RCW 18.27.040 contains no authority for the trial court to stay an action against a contractor's bond when only one claim has been brought against that bond. The statute envisions that claims against a contractor will be satisfied from his bond in the order in which they are reduced to judgment except when multiple claims, exceeding the amount of the bond, are pending simultaneously. In that event, provision is made for satisfaction of claims in a fixed order of priority. RCW 18.27.040(4).

That an individual claim against a contractor's bond is not to be stayed pending possible (and probably likely) additional claims being made is apparent from the language of the statute. Subsection 4 permits the surety to tender to the court the amount of the bond "less the amount of judgments, if any, previously satisfied therefrom". This language indicates that the Legislature intended that claims against a contractor's bond be reduced to judgment individually. Moreover, when a judgment is satisfied from the bond, the contractor's registration will be suspended

until the bond is reinstated to its full amount. RCW 18.27-.040(5). If a contractor is unable to reinstate his bond, his registration will remain suspended and he will not be able to continue in business. Forcing a contractor to discontinue business when he is unable to reinstate his bond serves to protect the public from financially irresponsible contractors, a primary function of the statute. *See* RCW 18.27.140.

WAC 296–200–100(2) concerns only a situation where multiple claims are pending against a bond simultaneously and the claims exceed the amount of the bond then unimpaired. The rule has no application to the situation before the trial court in these cases, that is, a single claim against the bond. To the extent that WAC 296–200–100(2) is inconsistent with RCW 18.27.040, the rule is invalid. *See Brannan v. Department of Labor & Indus.*, 104 Wn.2d 55, 60, 700 P.2d 1139 (1985).

The trial court also did not have authority to stay the accrual of interest on the Departments' claims. *See* RCW 82.32.210; RCW 50.24.040.

The stay orders of the Superior Court are reversed.

COLEMAN and WEBSTER, JJ., concur.

Reconsideration denied November 13, 1986.