[Nos. 15299-8-I; 15724-8-I.   Division One.   March 9, 1987.]

KALY COOK, *Appellant,* v. NATIONAL INDEMNITY COMPANY, ET AL, *Defendants,* NORTH CITY LUMBER COMPANY, INC., ET AL, *Respondents.*

*Eugene A. Greenway, M. Kathrine Julin,* and *Julin, Fosso, Sage, McBride & Mason,* for appellant.

*Robert J. Henry* and *Cable, Barrett, Langenbach & Mc-Inerney,* for respondents.

SCHOLFIELD, C.J.—Kaly Cook sought to enforce her claim for breach of contract against the surety bond of a bankrupt contractor. She appeals from the trial court's judgment disbursing the bond funds to respondents. We reverse.

## FACTS

In August 1983, Cook brought an action in superior court against T & T Carpentry (contractor) to recover claimed damages in excess of $12,000 for breach of contract. Pursuant to RCW 18.27.040, Cook served the Department of Labor and Industries to seek recovery from the contractor's surety bond of $4,000 issued by National Indemnity Company. National deposited the full amount of the bond into the registry of the court pursuant to RCW 18.27.040(4) and was dismissed from the action.

On January 24, 1984, the contractor was discharged in bankruptcy. The following July, the respondents (material and equipment suppliers) filed a joint motion for disbursement of the bond funds to them, relying upon their default judgments against the contractor and the contractor's discharge in bankruptcy.

In response to the motion, Cook argued that under RCW 18.27.040(4)(b), she was entitled to the bond funds since her claim for breach of contract had priority over the respondents' claims for material and equipment.[1]

---

[1]RCW 18.27.040(4) provides as follows:

"The surety upon the bond shall not be liable in an aggregate amount in excess of the amount named in the bond nor for any monetary penalty assessed pursuant to this chapter for an infraction. The surety upon the bond may, upon notice to the department and the parties, tender to the clerk of the court having jurisdiction of the action an amount equal to the claims thereunder or the amount of the bond less the amount of judgments, if any, previously satisfied therefrom and to the extent of such tender the surety upon the bond shall be exonerated but

On August 7, 1984, the court ordered disbursement of the funds to respondents, who already had judgments against the contractor, rather than Cook, who at that time had filed an action but was apparently prevented by the bankruptcy stay order from proceeding to judgment. The order of disbursement was not to take effect until August 21.

In the meantime, on August 9, following a hearing on the matter, Cook was advised that a suit against the proceeds of the surety bond was not precluded by the stay order in bankruptcy. Cook was then granted a default judgment in superior court for $4,000, entered August 17, 1984. Based thereon, Cook asked the court to reconsider its decision to disburse the bond proceeds to respondents, and moved for an order determining the priority of the bond claimants. The court denied Cook's motion and affirmed its order of August 7.

## PRIORITY OF JUDGMENTS ON CONTRACTORS' BONDS

Our research discloses no cases in Washington dispositive of the issue decided here.

Any person with a claim against a bonded contractor may bring an action on the bond by filing a complaint in superior court within 1 year of the expiration of the certificate of registration in force at the time labor is performed, materials and equipment are furnished or the claimed contract work is completed. RCW 18.27.040(3).

■ RCW 18.27.040(4) establishes the priority of judgments when the actions "commenced and pending" exceed the amount of the bond. WAC 296–200–100(2) makes it clear that priority of payment under RCW 18.27.040 is not

---

if the actions commenced and pending at any one time exceed the amount of the bond then unimpaired, claims shall be satisfied from the bond in the following order:

"(a) Labor, including employee benefits;

"(b) Claims for breach of contract by a party to the construction contract;

"(c) Material and equipment;

"(d) Taxes and contributions due the state of Washington;

"(e) Any court costs, interest, and attorney's fees plaintiff may be entitled to recover."

a race priority and specifically provides with respect to paying judgments from bond proceeds that:

No claim in a lesser category may be satisfied until all claims in the preceding categories are satisfied unless the total amount of all claims in the preceding categories is less than the amount of the bond that remains unimpaired.

Although RCW 18.27.040(3) requires that an action upon a contractor's bond be commenced within 1 year from the date of expiration of the certificate of registration, the statute sets no deadline for when that claim must be reduced to judgment.

This case involved a bonded contractor. The actions "commenced and pending" included Cook's claim for breach of contract, as well as the respondents' material and equipment claims. Since these claims exceeded the amount of the bond, the statute required that they be satisfied in the order of priority provided in subsection (4).[2] It follows that Cook's breach of contract claim was entitled to payment before the respondents' claims, which had lower priority.

The respondents contend that only those claimants with judgments are entitled to payment from a bond. Assuming for the moment the respondents are correct, this does not mean a claimant gains priority over a higher priority claimant simply by reducing his claim to judgment first. Were that true, priority of payment from the bond would be based on a race to the courthouse; the statutory priority scheme would be meaningless.

The trial court acted prematurely in ordering disbursement of the bond proceeds to the respondents, when Cook's priority claim was validly before the court and was in fact reduced to judgment prior to the effective date of the

---

[2]We are cognizant of this court's opinion in *Department of Rev. v. National Indem. Co.*, 45 Wn. App. 59, 723 P.2d 1187 (1986), which we read as not being in conflict with this opinion. At page 62 of *National Indem. Co.*, we expressly distinguished cases with multiple claims pending simultaneously which exceed the amount of the bond then unimpaired.

court's order.

The order of disbursement is, therefore, reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

SWANSON and WEBSTER, JJ., concur.