[No. 16946-7-I.   Division One.   April 6, 1987.]

NORMAN WARD, ET AL, *Appellants,* v. PETER LAMONICO, ET AL, *Respondents.*

*Duncan A. Bonjorni* and *Bonjorni & Kontos,* for appellants.

*Michael L. Flynn,* for respondents.

Bibb, J.*—Norman and Helen Ward appeal from summary judgments dismissing their action on a contractor's registration bond. They contend their prior district court action against the contractor does not bar this superior court action against the bonding company. We reverse and remand for trial.

This case arises out of a dispute over a contract for the construction of a house for the Wards. The Wards and Peter LaMonico, the contractor, agreed to a settlement whereby LaMonico would give the Wards a check for $1,470.03 in return for the Wards' releasing $11,765.81 from the construction loan account. However, LaMonico stopped payment on the check and withdrew the entire loan balance ($13,607.58).

The Wards brought an action in district court against Peter and Jane Doe LaMonico, obtained judgment for $3,902.77, and filed a transcribed judgment in superior court. Apparently unable to collect that judgment, the Wards then brought this action against Safeco Insurance Company, the surety on Mr. LaMonico's contractor's registration bond. This action also named the LaMonicos as defendants.

Safeco and the LaMonicos moved for summary judgment on the alternate grounds of res judicata and failure to comply with the procedural requirements of WAC 296–200.[1]

---

*This appeal was heard by a Supreme Court Justice and two Superior Court Judges sitting as Court of Appeals Judges Pro Tempore in Division One.

[1]WAC 296–200–080(1) provides:
"All suits against a contractor for claims under chapter 18.27 RCW must be brought in superior court. In particular, if a secured contractor is sued, the section will be unable to pay an unsatisfied final judgment from the securities if the suit is not brought in superior court."
WAC 296–200–090(3) provides:
"If a contractor is bonded, a claimant who has received a final judgment against the contractor can satisfy the judgment against the contractor or the bonding company only. The section can neither satisfy the judgment nor force the contractor or the bonding company to pay the judgment. The claimant must join the bonding company in the suit if it wants the bonding company to pay the judgment."

The Wards also moved for summary judgment against Safeco. Defendants' motion was granted and plaintiffs' motion was denied.

## I
### VALIDITY OF THE REGULATIONS

The Wards contend the regulations requiring a single action against the contractor and surety in superior court are not authorized by the contractors registration statute. They assert that "security," as used in RCW 18.27.040(8), is a reference to "the security held by the department" in RCW 18.27.040(7), and therefore, the rulemaking authority granted to the Department of Labor and Industries does not extend to cases involving bonded contractors. We agree.

RCW 18.27.040(6) permits a contractor to file with the Department a "deposit" of "cash or other security" in lieu of a bond. RCW 18.27.040(7) permits a judgment holder to "execute upon the security held by the Department." The Department is then directed to "pay or order paid from the deposit . . ." RCW 18.27.040(8) authorizes rules for the "proper administration of the security."

Throughout the statute, "bond" is consistently differentiated from "security", with the latter term used to refer collectively to the alternative to a bond. In RCW 18.27-.040(7) the term "security" appears to be used synonymously with "deposit." The significance of this becomes clear when the practical aspects of the Department's obligations are considered.

The "deposit" may be cash or any number of unspecified things so long as it is "acceptable to the Department." RCW 18.27.040(6). The drafters recognized the need for rules governing the handling of such security but were unable to authorize the same with specificity since they could not anticipate what "other security" might be acceptable. Hence, RCW 18.27.040(8) was adopted.

---

RCW 18.27.040(8) authorizes the Director of the Department of Labor and Industries to promulgate rules necessary for the proper administration of the security.

Bonds, on the other hand, are a widely used, specific type of security. The Department's responsibilities under the act with respect to bonds are limited. We also note WAC 296–200–015 itself distinguishes between a "bonded contractor" and a "secured contractor."[2]

Respondents contend, however, that even if the Department exceeded its authority in its original promulgation of regulations governing actions against bonded contractors, this court should read the Legislature's failure to repudiate the rule as "silent acquiescence" in the Department's interpretation. Some provisions of the statute were amended in 1983 and 1986. Laws of 1983, 1st Ex. Sess., ch. 2; Laws of 1986, ch. 197.

The doctrine of "silent acquiescence" permits a court to uphold a rule when the Legislature has amended a statute without repudiating the agency's interpretation of it. *State ex rel. Pirak v. Schoettler,* 45 Wn.2d 367, 274 P.2d 852 (1954). However, the doctrine only applies if the statute at issue is ambiguous and the Legislature has considered the same issue covered by the rule. Also, even though the agency's interpretation is entitled to great weight, it is still the court's duty to determine the law. The agency's interpretation and the Legislature's acquiescence therein are but two factors for the court's consideration. The court's "paramount concern" is to ensure the underlying policy of the statute is carried out. *Safeco Ins. Cos. v. Meyering,* 102 Wn.2d 385, 392, 687 P.2d 195 (1984). *See also Washington Educ. Ass'n v. Smith,* 96 Wn.2d 601, 638 P.2d 77 (1981); *Pringle v. State,* 77 Wn.2d 569, 464 P.2d 425 (1970); *In re*

---

[2]WAC 296–209–015 provides:

"Definitions. For the purpose of this chapter:

"(1) 'Bonded contractor' means a contractor who has obtained a surety bond in order to comply with RCW 18.27.040;

" . . .

"(4) 'Secured contractor' means a contractor who has assigned a savings account to the department or deposited cash or other security with the section in order to comply with RCW 18.27.040; and

"(5) 'Security' means a savings account assigned to the department or cash or other security deposited with the section."

*Estate of Bordeaux,* 37 Wn.2d 561, 225 P.2d 433, 26 A.L.R.2d 249 (1950); *Automobile Club v. Department of Rev.,* 27 Wn. App. 781, 621 P.2d 760 (1980); *Buchanan v. International Bhd. of Teamsters,* 94 Wn.2d 508, 617 P.2d 1004 (1980).

Nothing in the record indicates the Legislature considered the procedures at issue when it enacted the 1983 and 1986 amendments. Nor have we discerned any such consideration in the House and Senate Journals for 1983 and 1986. The sparse legislative history available indicates the Legislature was concerned in 1983 with registration requirements and in 1986 with notices of infraction and penalties for violation of the act.

Furthermore, we do not believe RCW 18.27.040 is ambiguous. It simply does not require a plaintiff to sue the contractor and surety in a single action.

Analysis of the policy underlying RCW 18.27 further erodes respondents' position. First, the express purpose of the statute is "to afford protection to the public . . . from unreliable, fraudulent, financially irresponsible, or incompetent contractors." RCW 18.27.140. The act is clearly remedial in nature. It represents an attempt to expand the relief available to victims. On the other hand, the Department's scheme requires a plaintiff to undergo the expense and delay of a superior court suit without regard to the amount in controversy or how solvent the contractor may be, in order to preserve a remedy the need for which may never arise. Such an interpretation is not only irreconcilable with the statute's purpose, but also contrary to the principles of judicial economy which respondents urge as its chief recommendation.

In addition, respondents have failed to demonstrate any prejudice from permitting claimants to obtain judgment prior to suit on the bond. If a surety deems it necessary to have notice of a potential claim before actual suit is brought upon the bond, it should require such notice from the contractor/principal in the surety agreement. Under the express terms of RCW 18.27.040(3), the claimant is not

required to give notice until suit is actually brought against the bond.

In summary, the legislative intent underlying RCW 18.27.040 is to afford the public protection from fraudulent or financially irresponsible contractors. That intent is best served by permitting the procedures employed here by the Wards. The regulations requiring a claimant to pursue a single action against a bonded contractor and surety in superior court are invalid.

## II
### Effect of District Court Judgment Against the LaMonicos

The Wards next contend their district court judgment against the LaMonicos as principals is binding upon Safeco, the surety. The Wards also assert their action is not barred by res judicata.

The parties agree res judicata bars a second action by the Wards against the LaMonicos. Safeco does not respond to the Wards' contention their action against it is not barred. This court has no duty to search the law to find grounds upon which to uphold the Superior Court. *Hackney v. Sunset Beach Inv.,* 31 Wn. App. 596, 644 P.2d 138 (1982); *Riley v. Sturdevant,* 12 Wn. App. 808, 532 P.2d 640 (1975). Nevertheless, we hold res judicata would not bar the Wards' action against Safeco because, *inter alia,* Safeco and the LaMonicos are not qualitatively the same parties. *Rains v. State,* 100 Wn.2d 660, 674 P.2d 165 (1983).

The Wards maintain Safeco is liable on its bond solely by virtue of the district court judgment entered against the LaMonicos. The Wards rely upon *Goodwin v. American Sur. Co.,* 190 Wash. 457, 68 P.2d 619 (1937), which involved a suit on a guardianship bond. There, however, the surety was found to have undertaken "*to abide by . . . any judgment* of the court in the guardianship proceeding". (Italics ours.) *Goodwin,* at 471. The court restated the applicable rule:

"Notwithstanding the wide diversity of opinion in other respects, it may now be considered a well established principle that, when the surety, either by the express terms of his agreement or by a fair and reasonable implication from the nature and intent of his obligation, has undertaken to pay the damages and costs which may be recovered against his principal, he is, in the absence of fraud or collusion or other equitable defenses, conclusively bound by the judgment, though he had no notice of the suit against his principal."

*Goodwin v. American Sur. Co., supra* at 469 (quoting *Costello v. Bridges,* 81 Wash. 192, 197–98, 142 P. 687 (1914)).

■ *Merchants Bank of Can. v. Sims,* 122 Wash. 106, 209 P. 1113 (1922) is more directly on point. There, the court permitted guarantors to interpose defenses in a suit brought by a bank following the entry of a default judgment against the principals. The judgment had been obtained in an earlier separate action. The court stated at page 116:

Where the guarantee upon which the action is based is one to answer in general terms for any default of the principal, and is not one which provides that the surety will answer for any judgment or pay all damages that may be awarded in an action brought against the principal, a judgment against the principal does not prevent the guarantors, in a subsequent action against them, from showing non–liability.

While a statutory contractor's registration bond does not require the surety to answer in general terms, neither does it require the surety to respond to any judgment or to pay all amounts adjudged against its principal. The act unambiguously states the limited circumstances under which an obligee is to have recourse to the bond. *See* RCW 18.27.040, 18.27.090. We hold Safeco is entitled to present any evidence it may have of the nonoccurrence of conditions necessary to trigger liability on its bond.

### III
#### CONCLUSION

The summary judgment in favor of the LaMonicos is affirmed. The summary judgments in favor of Safeco and

against the Wards are reversed, and the case is remanded for trial between those two parties. Respondents' request for attorney fees is denied.

CALLOW and PATRICK, JJ. Pro Tem., concur.