232 P.3d 576 (2010)
David C. HOSEA, Appellant,
v.
George L. TOTH and Maria L. Perry, Respondents.
No. 62333-8-I.
Court of Appeals of Washington, Division 1.
May 24, 2010.
*577 Timothy J. Knowling, Seattle, WA, for Appellant.
Matthew T. Adamson, Jameson Babbitt Stites & Lombard, Seattle, WA, for Respondents.
SCHINDLER, J.
¶ 1 The Registration of Contractors Act, chapter 18.27 RCW, requires building contractors to file either a surety bond or an assigned savings account with the Department of Labor and Industries (the Department). Under RCW 18.27.040(4), the surety is only liable for the amount of the bond. If multiple claims exceed the amount of the bond, the statute establishes the priority of payments as follows: laborers, claims by residential homeowners for breach of contract, persons furnishing materials or equipment, and taxes owed to the state. Residential homeowners George Toth and Maria Perry (collectively "Toth") and homeowner David Hosea filed separate lawsuits against the same specialty contractor for breach of contract and sued the surety on the bond. The court ordered disbursement of the full amount of the $6000 surety bond to Toth because Toth first obtained a judgment against the contractor. Hosea contends the trial court erred in awarding Toth the full amount of the bond and refusing to disburse the funds on a pro rata basis. Under the plain language of RCW 18.27.040(4), the legislature did not adopt a priority scheme for payments on the bond as between claimants in the same tier based on which party first obtains a judgment. Under RCW 18.27.040(4), where multiple lawsuits in the same statutory priority tier are commenced and pending, the bond proceeds should be disbursed on a pro rata basis. We reverse and remand.

FACTS
¶ 2 On October 26, 2007, Toth filed a complaint in King County Superior Court against contractor Jonathan Griffin, doing business as "Foundations." Toth alleged that Griffin did not comply with the construction contract in performing foundation work. Toth sought approximately $40,000 in damages, equitable relief, and an award of attorney fees. Toth also sued the surety that issued the contractor bond to Griffin, Old Republic Insurance Company, for the full amount of the $6000 bond.
¶ 3 Hosea also filed a lawsuit against Griffin and Old Republic in 2007. Hosea alleged Griffin breached the construction contract to repair and replace the foundation and retaining wall for his garage.[1]
*578 ¶ 4 On January 4, 2008, Toth obtained an order of default against Griffin. On February 28, the court entered a judgment in Toth's favor in the amount of $16,828. On April 11, Hosea obtained an order of default against Griffin. On May 6, Toth, Hosea, and Old Republic entered into a "Stipulation and Order Authorizing Consolidation of Cases for Purposes of Reaching Bond Proceeds, Exoneration of Bond and Reservation of Rights" (Stipulation and Order).
¶ 5 The Stipulation and Order states that both Hosea and Toth filed lawsuits asserting claims against the surety bond issued by Old Republic. In order "to avoid the multiplicity of actions against the bond," the parties agreed that the two lawsuits "should be consolidated for the purposes of reaching the bond proceeds" under one cause number. The parties stipulated that Old Republic could deposit the full amount of the $6000 bond into the King County Court Registry, and agreed to dismiss Old Republic. The parties also agreed that the bond proceeds would not be disbursed absent a court order.
¶ 6 On July 28, Toth filed a motion for disbursement of the bond proceeds. Toth argued that he was "entitled to all of the $6000 in bond proceeds" because he had obtained a judgment first, and the amount of Hosea's claim was unknown. In support of his motion, Toth submitted a copy of the complaint, the order of default, the judgment he obtained, and the Stipulation and Order.
¶ 7 Hosea objected to disbursement of the entire amount of the bond proceeds to Toth. Hosea pointed out that on July 17, his case was noted for a hearing to obtain a judgment, but entry of the judgment had been delayed and the hearing rescheduled for August 13. Hosea submitted the order of default against Griffin and his motion for entry of judgment against Griffin for $43,638 plus attorney fees and costs, the order denying the motion for judgment without prejudice, and a declaration from the arbitrator explaining the procedural issue that delayed entry of the judgment on July 17. The court entered an order disbursing the entire amount of the $6000 surety bond to Toth.
¶ 8 After Hosea obtained a judgment against Griffin for $43,638 plus $12,452 in attorney fees and costs, he filed a motion for reconsideration. The court denied the motion for reconsideration. Hosea appeals.

ANALYSIS
¶ 9 Hosea contends the court erred in disbursing the entire amount of the contractor surety bond to Toth. Hosea asserts that the court's decision to distribute the bond proceeds to a party first obtaining a judgment where there are multiple claims pending that exceed the amount of the bond is contrary to the plain language and intent of the statutory provision for actions against the contractor surety bond as set forth in RCW 18.27.040(4). Toth argues that because RCW 18.27.040(4) does not address the priority of payments for claims within the same priority tier, the common law rule of "first-in-time, first-in-right" applies.
¶ 10 The meaning of a statute is a question of law subject to de novo review. City of Olympia v. Drebick, 156 Wash.2d 289, 295, 126 P.3d 802 (2006). The court's objective is to ascertain and carry out the legislature's intent. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 9-10, 43 P.3d 4 (2002). If the statute's meaning is plain on its face, then the court must give effect to that plain meaning as the expression of legislative intent. Id. The plain meaning of a statutory provision is derived from the ordinary meaning of its language, as well as the general context of the statute, the related statutory provisions, and the statutory scheme as a whole. Christensen v. Ellsworth, 162 Wash.2d 365, 373, 173 P.3d 228 (2007). We must also construe a statute to give effect to all the language so that no portion is "rendered meaningless or superfluous." Kilian v. Atkinson, 147 Wash.2d 16, 21, 50 P.3d 638 (2002).
¶ 11 The express purpose of the Registration of Contractors Act, chapter 18.27 RCW, is to "afford protection to the public" from "unreliable, fraudulent, financially irresponsible, or incompetent contractors." RCW 18.27.140. The act requires contractors to register with the Department and file a bond issued by a surety insurer. RCW 18.27.040(1), "Bond or other security *579 requiredActions againstSuspension of registration upon impairment," states in pertinent part that the bond requires the "applicant to pay all persons performing labor, including employee benefits," all taxes and other contributions due to the state of Washington, and to "pay all persons furnishing material or renting or supplying equipment", and all amounts "adjudged against the contractor by reason of breach of contract including improper work in the conduct of the contracting business."
¶ 12 RCW 18.27.040(1) requires applicants to file a bond in the amount of $12,000 for a general contractor and $6000 for a specialty contractor. The statute also provides that in lieu of a surety bond, a contractor may "file with the department an assigned savings account" with the Department. RCW 18.27.040(8).
¶ 13 RCW 18.27.040(3) allows a residential homeowner with a breach of contract claim to bring an action against the contractor and the surety on the bond in superior court within two years from the date work was substantially completed or abandoned. The statute prescribes filing and service requirements for suits against the contractor and the surety on the bond. RCW 18.27.040(3).
¶ 14 RCW 18.27.040(4) states that "[t]he surety upon the bond shall not be liable in an aggregate amount in excess of the amount named in the bond...." The statute authorizes the Department to increase the amount of the bond for contractors with previous judgments against them or to suspend the registration of a contractor. RCW 18.27.040(7)(11). If a contractor is unable to reinstate the bond, the contractor will not be able to conduct business. Dep't of Revenue v. National Indem. Co., 45 Wash.App. 59, 62, 723 P.2d 1187 (1986).
¶ 15 Under RCW 18.27.040(4), if multiple claims exceeding the amount of the bond are "commenced and pending" and the bond is "unimpaired," the claims are satisfied from the bond according to the priority order set forth in the statute. RCW 18.27.040(4) provides in pertinent part:
[I]f the actions commenced and pending... at any one time exceed the amount of the bond then unimpaired, claims shall be satisfied from the bond in the following order:
(a) Employee labor and claims of laborers, including employee benefits;
(b) Claims for breach of contract by a party to the construction contract;
(c) Registered or licensed subcontractors, material, and equipment;
(d) Taxes and contributions due the state of Washington;
(e) Any court costs, interest, and attorneys' fees plaintiff may be entitled to recover. The surety is not liable for any amount in excess of the penal limit of its bond.
A payment made by the surety in good faith exonerates the bond to the extent of any payment made by the surety.[2]
¶ 16 Here, it is undisputed that Toth and Hosea filed lawsuits against the contractor for breach of contract and sued the surety on the bond, and that the claims exceeded the amount of the $6000 bond. But Toth asserts that because he obtained a judgment against the contractor before Hosea, he is entitled to the entire amount of the bond proceeds. We disagree.
¶ 17 Toth's interpretation of the statute as requiring disbursement of the entire amount of the bond proceeds to the first claimant to reduce his claim to judgment, contravenes the language and purpose of the statute. The plain language of RCW 18.27.040(4) does not impose a first to judgment rule for disbursing the bond proceeds. The express purpose of the act is to "`afford protection to the public'" and "expand the relief available to victims." Ward v. LaMonico, 47 Wash. *580 App. 373, 378, 735 P.2d 92 (1987) (quoting RCW 18.27.140).
¶ 18 It is clear that the legislature has adopted a statutory scheme for the priority of payments on a surety bond that is distinct from the satisfaction of claims against an assigned savings account administered by the Department. "Throughout the statute, `bond' is consistently differentiated from `security'" allowed as an alternative to a bond. Ward, 47 Wash.App. at 376, 735 P.2d 92. Instead of the priority scheme established in RCW 18.27.040(4), the priority of payments for the security administered by the Department is in the "order of receipt" of the unsatisfied final judgment.[3] RCW 18.27.040(9) provides:
Any person having filed and served a summons and complaint as required by this section having an unsatisfied final judgment against the registrant for any items referred to in this section may execute upon the security held by the department by serving a certified copy of the unsatisfied final judgment by registered or certified mail upon the department within one year of the date of entry of such judgment. Upon the receipt of service of such certified copy the department shall pay or order paid from the deposit, through the registry of the superior court which rendered judgment, towards the amount of the unsatisfied judgment. The priority of payment by the department shall be the order of receipt by the department, but the department shall have no liability for payment in excess of the amount of the deposit.
¶ 19 In adopting a different scheme for the security administered by the Department, the legislature distinguished between bonds, a "widely used, specific type of security," and the "alternative to a bond" permitted under the statute. Ward, 47 Wash.App. at 376-77, 735 P.2d 92. The decision to adopt a "first to judgment" rule for the satisfaction of claims from security administered by the Department and to not do so with respect to surety bonds, further shows that the legislature expressly made a different choice as to the priority of payment scheme for a surety bond. See In re Forfeiture of One 1970 Chevrolet Chevelle, 166 Wash.2d 834, 842, 215 P.3d 166 (2009) (when the legislature uses different statutory language in different statutory provisions, "a difference in legislative intent is evidenced."); see also Lundberg ex rel. Orient Foundation v. Coleman, 115 Wash.App. 172, 177, 60 P.3d 595 (2002) ("[W]here the legislature uses language in one instance but different language in another in dealing with similar subjects, a difference in legislative intent is indicated") (quoting, City of Kent v. Beigh, 145 Wash.2d 33, 38, 32 P.3d 258 (2001)).
¶ 20 Case law interpreting RCW 18.27.040 also supports the conclusion that where multiple claims are pending, the payment of claims against a bond under RCW 18.27.040(4) is not a "race priority." National Indem. Co., 45 Wash.App. at 61, 723 P.2d 1187; Cook v. National Indem. Co., 47 Wash. App. 110, 733 P.2d 1002 (1987).
¶ 21 In National Indem. Co., the Department of Revenue sued the contractor and the surety on the bond for taxes owed to the state. The trial court stayed the action against the bond until the one-year statute of limitations expired.[4] This court reversed the decision to stay and held that where multiple claims against a contractor surety bond exceed the amount of the bond, payments must be satisfied according to the priority established by the legislature in RCW 18.27.040.

*581 RCW 18.27.040 contains no authority for the trial court to stay an action against a contractor's bond when only one claim has been brought against that bond. The statute envisions that claims against a contractor will be satisfied from his bond in the order in which they are reduced to judgment except when multiple claims, exceeding the amount of the bond, are pending simultaneously.
National Indem. Co., 45 Wash.App. at 61, 723 P.2d 1187.
¶ 22 The court in National Indem. Co. explained that the statutory priority scheme for bonded contractors under RCW 18.27.040 is not a "race priority" system based on which party first obtains a judgment. "If a contractor is bonded, the priority for paying judgments from the bond is not a race priority such as the priority for payment of judgments against a security contractor." National Indem. Co., 45 Wash. App. at 61, 723 P.2d 1187.
¶ 23 In Cook, the court held that the disbursement of bond proceeds to a lower tier claimant that first obtained a judgment was premature. In reversing, the court expressly rejected the argument that a claimant gains priority to bond proceeds by first obtaining a judgment, or that a judgment is even required to be entitled to payment under the bond. Cook, 47 Wash.App. at 113, 733 P.2d 1002. The court noted that if a judgment holder was entitled to the bond proceeds without regard to the priority system established in RCW 18.27.040(4), "priority of payment from the bond would be based on a race to the courthouse...." Cook, 47 Wash.App. at 113, 733 P.2d 1002.
¶ 24 Nonetheless, Toth contends that the court should apply the common law rule of "first-in-time, first-in-right," because the statute is silent as to how to distribute bond proceeds among equal priority claimants. Resp. Br. at 8. According to Toth, the bond proceeds should be distributed to the first claimant to reduce his claim to judgment. The lien cases Toth relies on, Homann v. Huber, 38 Wash.2d 190, 197, 228 P.2d 466 (1951), and Robb v. Kaufman, 81 Wash.App. 182, 190, 913 P.2d 828 (1996), do not support his argument that the common law rule of first-in-time, first-in-right applies to the disbursement of bond proceeds under RCW 18.27.040(4).
¶ 25 In Homann the court held that in the absence of a statutory regulation, the common law rule applies in resolving conflicting lien claims in the same class against the same property and the first lien filed is superior.
It is well settled that, as a general rule, in the absence of statutory regulation to the contrary, a lien which is prior in time gives a prior claim and is entitled to satisfaction out of the subject matter it binds before other subsequent liens binding the same property.[5]
Homann, 38 Wash.2d at 197, 228 P.2d 466 (quoting, 53 C.J.S. 856, Liens, § 10); see also, Robb, 81 Wash.App. at 190, 913 P.2d 828 (resolving priority conflict between secured party and lien holder according to time of perfection and notice). Here, unlike in the lien cases, because the legislature has clearly established the priority of claims against a surety bond under RCW 18.27.040(4), the common law rule does not apply.
¶ 26 We also reject Toth's argument that the priority payment scheme under RCW 18.27.040(4) does not apply because his claim was no longer "pending" and the bond was impaired. The statute provides that as a condition precedent for all claims against a bond under RCW 18.27.040(4), the "actions commenced and pending at any one time" must exceed the amount of the bond "then unimpaired...." Here, there is no dispute that before Toth obtained a judgment and that multiple claims were "commenced and pending" that exceeded the amount of the bond.[6]
*582 ¶ 27 Consistent with the language of RCW 18.27.040 and case law, we hold that as a general rule, where multiple claimants in the same priority tier under RCW 18.27.040(4) have actions commenced and pending against the surety bond, the claimants are entitled to a pro rata distribution of the surety bond proceeds.
¶ 28 We reverse and remand.
WE CONCUR: LEACH, A.C.J., and ELLINGTON, J.
NOTES
[1] Hosea's complaint is not included in the record.
[2] RCW 18.27.040(5) also provides:

The total amount paid from a bond or deposit required of a general contractor by this section to claimants other than residential homeowners must not exceed one-half of the bond amount. The total amount paid from a bond or deposit required of a specialty contractor by this section to claimants other than residential homeowners must not exceed one-half of the bond amount or four thousand dollars, whichever is greater.
[3] The Department's authority to adopt rules governing administration of the security does not extend to bonded contractors. Ward, 47 Wash. App. at 376, 735 P.2d 92; RCW 18.27.040(12). Consistent with RCW 18.27.040(9), the Department's regulations expressly adopt a first judgment rule. WAC 296-200A-090(3)(b) provides in pertinent part that "(3) Payment of a final judgment by assignment of account .... (b) Assignment of account payments under subsection (2) of this section will be paid out in the order the final judgment is received by the department...." Toth does not cite RCW 18.27.040(9) or the WAC provision to argue that the administrative "final judgment" rule applies to bond funds.
[4] At the time, the statute of limitations for all claims under RCW 18.27.040 was one year. In the current version, the limitations period is two years for residential breach of contract claims, and one year for all other claims. RCW 18.27.040(3).
[5] (Emphasis added.)
[6] Toth also argues the bond was impaired. In support of his argument, Toth cites RCW 18.27.040(7). Toth's argument ignores the undisputed fact that multiple claims were commenced and pending before he obtained a judgment. And the language Toth relies on is taken out of context and ignores the purpose of the provision. RCW 18.27.040(7) does not address payment on the bond when multiple claimants are in the same trier under RCW 18.17.040(4). RCW 18.27.040(7) provides:

If a final judgment impairs the liability of the surety upon the bond or deposit so furnished that there is not in effect a bond or deposit in the full amount prescribed in this section, the registration of the contractor is automatically suspended until the bond or deposit liability in the required amount unimpaired by unsatisfied judgment claims is furnished.