IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SUZANNE G. KUNDA, | ) | |
| | ) | No. 34920-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICKEY D. SHAUL and MICHELLE R. | ) | UNPUBLISHED OPINION |
| SHAUL, husband and wife and the marital | ) | |
| community comprised thereof; MICK | ) | |
| SHAUL CONSTRUCTION, a sole | ) | |
| proprietorship; AMERICAN | ) | |
| CONTRACTORS INDEMNITY | ) | |
| COMPANY, Bond No. 100124722, a | ) | |
| California corporation, | ) | |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — A bonding company successfully convinced the trial court that it had no obligation to pay on a contractor's bond because the jury verdict form did not mention the company when it returned a verdict against the contractor. We reverse.

FACTS

Some unusual procedural twists and turns have created a unique problem that largely renders the underlying factual circumstances of this case irrelevant to our

decision.[1]  Suzanne Kunda sued Mick Shaul Construction, a sole proprietorship, and

American Contractors Indemnity Company (ACIC) over a home remodeling project.

ACIC had issued Shaul's contractor's bond.  Kunda alleged five causes of action against

Shaul; the only mention of ACIC in the complaint was an allegation that it was

responsible for Shaul's breach of contract due to the bond.

Shaul and ACIC used the same attorney in accordance with Shaul's obligations

under the bond to provide a defense and indemnify ACIC.  The defendants filed a joint

answer to the complaint, admitting the existence of the contractor's bond, denying

liability, and raising 19 affirmative defenses, the last 10 of which dealt with ACIC or the

bond.  Shaul had also filed a breach of contract action against Kunda; the two matters

were consolidated for trial.  The matters proceeded to a weeklong jury trial in Walla

Walla Superior Court in January 2016.

The jury was asked to consider 14 verdict forms to resolve the competing claims.

None of the verdict forms mentioned ACIC as either a claimant or as a potentially liable

party.  The jury returned verdicts in favor of Kunda on three of her five claims, including

breach of contract, unjust enrichment, and conversion.  The jury verdict form for Kunda's

breach of contract claim only listed Shaul Construction and its owners as the liable

---

[1] Also, little of the record from the proceedings prior to judgment is included in the record on appeal.  There is no copy of the bond in the appellate record.

parties. Kunda was awarded $132,346.00 by the jury.[2] The judgment was filed March 30, 2016. It listed Shaul Construction and the owners individually as debtors; the judgment totaled $153,251.80 when costs and attorney fees were included.

Kunda's efforts at collecting from Shaul proved unavailing,[3] so she turned to ACIC to collect on the $12,000 bond. ACIC rebuffed her efforts. Kunda then filed a post-judgment motion for summary judgment against ACIC on August 29, 2016. ACIC appeared and moved for dismissal of the claim against it, arguing that the failure to obtain a jury verdict against ACIC was a failure to prosecute the case and required a dismissal with prejudice.

The trial court heard the competing motions on November 7, 2016. The court concluded that ACIC had not admitted liability in its answer. It therefore denied the motion for summary judgment and granted ACIC's motion to dismiss. Ms. Kunda timely appealed to this court. A panel heard oral argument on the matter.

ANALYSIS

This peculiar fact pattern begets a peculiar result. We conclude that because neither Kunda nor ACIC received a jury verdict on its claims against the other, use of the

---

[2] The verdict form does not segregate damages between the breach of contract and other claims.

[3] We were advised at oral argument that the Shauls filed for bankruptcy, leading Kunda to seek recovery on the bond.

No. 34920-9-III
*Kunda v. Shaul, et ux, et al*

summary judgment process post-verdict was not improper because the issues were left unresolved.[4]

Well settled standards govern review of a typical summary judgment ruling. A reviewing court considers those matters de novo, considering the same evidence presented to the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). If there is no genuine issue of material fact, summary judgment will be granted if the moving party is entitled to judgment as a matter of law. *Id.* "The purpose of summary judgment is to avoid a useless trial when there is no genuine issue of any material fact." *Olympic Fish Prod., Inc. v. Lloyd*, 93 Wn.2d 596, 602, 611 P.2d 737 (1980).

The "Contractors Registration Act" (CRA), chapter 18.27 RCW, provides a mechanism for homeowners to recover against a contractor's surety bond. *Cosmopolitan Eng'g Grp., Inc. v. Ondeo Degremont, Inc.*, 159 Wn.2d 292, 299, 149 P.3d 666 (2006). The surety typically provides a performance bond, which protects the homeowner from the contractor's material breach of the underlying contract. 33 Matthew King, WASHINGTON PRACTICE: WASHINGTON CONSTRUCTION LAW MANUAL § 13:4, at 261 (2008). The CRA requires general contractors to file with the Department of Labor and Industries a $12,000 bond issued by a suitable surety insurer. RCW 18.27.040(1). "Any

---

[4] Since we grant relief to Ms. Kunda, we necessarily deny ACIC's request for attorney fees on appeal and do not further address that issue.

4

person, firm, or corporation having a claim against the contractor . . . may bring suit against the contractor and the bond." RCW 18.27.040(3). "The surety issuing the bond *shall be named* as a party to any suit upon the bond." *Id.* (emphasis added). These rules allow plaintiffs flexibility to account for their individual circumstances; the CRA does not require a plaintiff to sue the contractor and surety in a single action; suits may be brought separately. *Ward v. LaMonico*, 47 Wn. App. 373, 378, 735 P.2d 92 (1987). Nevertheless, actions filed under RCW 18.27.040 refer only to actions for recovery against the contractor's bond. *Ondeo*, 159 Wn.2d at 299. A trial court properly includes a surety in a judgement for damages, but caps damages against the surety at the amount of its bond. *Brotherton v. Kralman Steel Structures, Inc.*, 165 Wn. App. 727, 732, 269 P.3d 307 (2011).

While the bond protects those with claims against a contractor, the bond is not the equivalent of liability insurance and the bonding company does not perform the function of a typical insurer. *See, generally,* 1 STEVEN PLITT ET AL., COUCH ON INSURANCE 3D § 1:18 (2016) (discussing differences); *Harman v. Pierce County Bldg Dep't*, 106 Wn.2d 32, 720 P.2d 433 (1986) (contractor's bond and contractor's liability insurance protect different interests). Typically, liability of the surety is measured by the liability of the principal, provided the default for which the surety is sought to be held falls within the purview of the bond. *Lybecker v. United Pac. Ins. Co.*, 67 Wn.2d 11, 18, 406 P.2d 945 (1965); 11 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE 3D § 163:32

(2016); *see also Tucker v. Brown*, 20 Wn.2d 740, 848, 150 P.2d 604 (1944) ("The liability of a bondsman is always measured by the express terms of his covenant, the duties and obligations of his principal, as defined by the state statutes, and the conditions contained in the bond. The surety cannot be held liable unless the principal is liable.").

"A trial is the judicial examination of the issues between the parties, whether they are issues of law or of fact." CR 38. In a typical case, the bonding company would be included with the contractor on the liability verdict form for the breach of contract claim or the issue would have been decided as a matter of law by the judge at the request of a party upon the close of the evidence. None of those possibilities occurred here. Similarly, none of the affirmative defenses were presented to the jury for consideration. In this circumstance, we conclude that there was no resolution of any of these issues and that the trial remained incomplete.

The question of what is to be done remains. Our starting point is the fact that there is an unchallenged jury verdict bearing on this issue—the jury's determination that the contractor breached its contract with Ms. Kunda. What are the consequences of that verdict for these unresolved issues? ACIC raises several arguments suggesting that the case concluded with the jury's resolution of the verdict forms submitted to it. We disagree.

Unlike the criminal law, we are aware of no implied acquittal doctrine that would apply to a civil case and serve as the basis for a determination that ACIC was not liable

on the bond. ACIC suggests that CR 40(d) required dismissal of the unresolved issues. Again, we disagree. That rule merely states the possibilities once a case is called for trial: it will tried, dismissed, or continued. The rule does not speak to the problem of issues left unresolved by trial. There was a trial in this case; CR 40(d) is not implicated.[5]

Instead, Kunda sought relief under the summary judgment process.[6] ACIC understandably, and correctly, argues that the rules do not contemplate CR 56 being used after trial. While we agree that the rules contemplate summary judgment motions will be brought prior to trial, it appears that allowing the summary judgment process in this particular factual circumstance better serves the purpose of the rule than denying its use here would do.

ACIC correctly points out that summary judgment motions typically are required to be heard more than 14 days prior to trial. CR 56(c). However, the same sentence of the rule also provides that the timing is subject to the discretion of the trial court.[7] We

---

[5] In the typical civil case, a plaintiff will lose if she fails to prove one of the elements of her case. Similarly, parties will seek judgment as a matter of law if the evidence (or lack thereof) compels a result in their favor. Neither of those circumstances exist here.

[6] Counsel admitted at trial that the rule was not a particularly good fit, although no rule appeared to be. We agree that this approach usually will have little to recommend it and caution against reliance on the process employed in this action. In many instances, CR 60 might be appropriate, but the bankruptcy filing made use of that rule impractical here.

[7] "Summary judgment motions shall be heard more than 14 calendar days before the date set for trial unless leave of court is granted to allow otherwise." CR 56(c).

think the trial court erred by not allowing the CR 56 motion to be heard since the failure of the parties to submit the remaining issues to the jury left them untried and employment of CR 56 would prevent an unnecessary second trial. There is no genuine prejudice to ACIC.

As noted previously, Ms. Kunda was free to have sued Shaul and ACIC in separate actions. *Ward*, 47 Wn. App. at 378. It is recognized that while it would be inequitable to bind a surety conclusively by a judgment *to which it was not a party*, it is, at a second proceeding, not unfair to presume the validity and correctness of the judgment against the contractor when considering the liability of the surety. *Id.* at 379-380; RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 67 (1996) (emphasis added). Under this approach, the surety maintains the ability to rebut the verdict and raise its own defenses that are independent of the contractor's liability. *Ward*, 47 Wn. App. at 380. Thus, we have no hesitation in concluding that principles of res judicata would not have barred a second trial against ACIC or the use of the verdict against Shaul in that action. By analogy to *Ward*, we believe that use of CR 56 to preclude an unnecessary second trial was appropriate.

It also is not unprecedented to add parties to a judgment after trial. An early case allowing the real party in interest to become a party on appeal is *Schroeder v. Hotel Commercial Co.*, 84 Wash. 685, 694-695, 147 P. 417 (1915). There the court permitted

the real party in interest to join in an appeal that was also a trial de novo. *Id.* at 694. The

court noted avoidance of an unnecessary second trial as the reason for the action:

> There is no pretense that the Eilers Music House, had it been a nominal
> party throughout, could have advanced anything further in its behalf than
> has been presented. To compel the respondent to again litigate this
> transaction with that company would be a manifest injustice. We have
> often held that a person, though not a technical party to the action, is bound
> by a decree if he be interested in the subject-matter and has exercised the
> right to participate in the litigation.

*Id.* at 695.

This court relied on *Schroeder* in *Betchard-Clayton, Inc. v. King*, 41 Wn. App.

887, 894-895, 707 P.2d 1361 (1985). There, the corporate officers of one party were

added as defendants after the end of the case and a third party plaintiff was added. *Id.*

Relying in part on CR 21, this court upheld the actions, noting that the rule permitted

addition of parties after the close of the case. *Id.* This court, citing still more authorities,

stressed the uselessness of not permitting the addition of new parties. *Id.* at 896.

Washington courts have freely added parties after trial, including to judgments, to

avoid unnecessary second trials. That policy, again by analogy, also supports the use of

CR 56 in this case. ACIC was a party to the action and was able to present any evidence

it had. It fully participated in the case and would have been shielded from liability under

the bond if Shaul had prevailed on the breach of contract case. Both parties failed to

offer a verdict form to deal with ACIC's liability or its affirmative defenses. Under these

9

circumstances, there simply is nothing to be gained by requiring a second trial to address the unresolved claims.

With respect to Ms. Kunda, the problem appears to be more in the nature of a scrivener's error than it does any failure of proof. With respect to ACIC, the failure to seek judgment as a matter of law or to submit jury interrogatories or verdict forms may have been oversight or it may simply have been deemed unnecessary in light of the evidence developed at trial. It might even have been a deliberate effort to take advantage of the plaintiff's apparent oversight on her verdict forms. Rather than attempt to unravel this Gordian's Knot, we simply follow the example of Alexander the Great and cut through it.[8]

Whatever the cause, we see no prejudice from the late addition of ACIC to the judgment, subject to the limitation of the bond amount. ACIC admitted in its answer that the bond was in effect at the time of the failed remodel project. The jury's verdict against Shaul confirmed that the contractor, not the homeowner, breached the contract. That determination was the last piece of the puzzle for the jury to find for Kunda on the bond, something it would have had to do if requested. Similarly, the trial judge would have had to do the same if a timely request had been made.[9]

---

[8] *See* BULFINCH'S MYTHOLOGY: THE AGE OF FABLE 44 (Richard P. Martin, ed., 1991).

[9] Since the failures of plaintiff made this appeal necessary, we decline to award costs or fees in this appeal. RAP 14.2. Both parties will pay their own.

No. 34920-9-III
*Kunda v. Shaul, et ux, et al*


Accordingly, we reverse the trial court's rulings in favor of ACIC and remand for

entry of judgment in favor of Kunda up to the limit of the bond.

Reversed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, C.J.

Pennell, J.